## NUGRAPE CO. OF AMERICA v. GLAZIER et al.

Circuit Court of Appeals, Fifth Circuit. November 23, 1927.

No. 5027.

1. **Trade-marks and trade-names and unfair competition** ⊜69—That retailers substituted defendant's product for complainant's, without defendant's knowledge, and not because of similarity in appearance, does not establish unfair competition.

Evidence that retailers, without knowledge of defendant, and otherwise than by appearance of defendant's products as prepared by him for retail sales, deceived intending purchasers into accepting his products when complainant's were called for, does not support a charge of unfair competition.

2. **Trade-marks and trade-names and unfair competition** ⊜93(3)—Similarity between defendant's beverage products and complainant's held not such as to establish unfair competition.

Evidence *held* insufficient to show such similarity in color, taste, or appearance of containers between complainant's and defendant's beverage products as to enable retailers to sell the products of defendant for those of complainant.

Appeal from the District Court of the United States for the Northern District of Texas; James Clifton Wilson, Judge.

Suit in equity by the NuGrape Company of America against Joseph Glazier and others. Decree for defendants, and complainant appeals. Affirmed.

M. M. Crane, of Dallas, Tex. (Candler, Thomson & Hirsch, of Atlanta, Ga., and Crane & Crane, of Dallas, Tex., on the brief), for appellant.

W. W. Alcorn, of Fort Worth, Tex. (McLean, Scott & Sayers, of Forth Worth, Tex., on the brief), for appellees.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. This is an appeal from a decree dismissing an amended bill in equity filed by the appellant. Appellant's original bill charged infringement of its registered trade-mark, consisting of the word "NuGrape" disclosed in a distinctive script, infringement of a design patent for a bottle, and unfair competition. Upon it being disclosed on the hearing of an application of the appellant for a temporary injunction that the appellee had abandoned the manufacture and sale of a beverage called Blue Grape, the court refused to issue a temporary injunction. Thereafter appellant so amended its bill as to base its claim to relief on unfair competition charged against the appellee. That charge was based on allegations to the effect that appellee bottled his products, beverages called "California Grape," "California Grape-Imitation," "Imitation Grape," etc., which are similar in color and taste to appellant's product "NuGrape," in bottles similar to those used by appellant for the bottling of his product, NuGrape, whereby appellee was enabled to sell its products to the consuming public as appellant's product.

The appellant started its business in Fort Worth in 1924, marketing its product in a patented bottle, referred to as a two-bulb bottle; the body of the bottle having the appearance of two bulbs connected together. For many years prior to that time the appellee had been in the bottling business at Fort Worth, and had built up an extensive business in selling his products, beverages having different names, several of which included the word "Grape." After appellant started business in Fort Worth, appellee obtained a United States patent on a bottle design; the bottle being referred to as a three-bulb bottle. Thereafter he marketed a considerable part of his products in the patented three-bulb bottles. The products so marketed were the same the appellee had been selling in Fort Worth for many years before NuGrape was sold in that territory; the color and taste thereof not being changed. Appellee's products are not carbonated, and

all of them are sweeter than NuGrape, which is highly carbonated. Appellee sells his products to retailers at prices substantially less than that at which appellant sells Nu-Grape to retailers.

What was relied on by appellant to support its charges of unfair competition was the testimony of two of its employees, to the effect that they came from Atlanta to Fort Worth in 1925, then visited a considerable number of soft drink places at Fort Worth, at many of which places, in response to calls for NuGrape, they were furnished products of the appellee bottled in his three-bulb bottles, and the testimony of an employee of the bottling company in Fort Worth, which has bottled NuGrape for appellant since the latter began business there, to the effect that frequently at places in Fort Worth where soft drinks are sold he observed that purchasers who called for NuGrape were supplied other grape drinks contained in appellee's three-bulb bottles. No evidence adduced showed that the appearance of any of the appellee's products, when put up in his three-bulb bottle, has deceived any one, who was familiar with the taste of NuGrape and with the appearance of the bottle in which it was retailed, into accepting from a seller a product of the appellee when NuGrape was desired and called for. While there is some similarity between the two-bulb and the three-bulb bottles, the differences between them are such as to raise a doubt as to a person of ordinary caution and prudence, who has used NuGrape from the two-bulb bottle, being deceived by the appearance of the appellee's product in his three-bulb bottle into accepting the latter when NuGrape was called for. That doubt is increased when both the difference between the appearance of the bottles and the difference in taste between the beverages contained therein are considered. The fact that many persons unacquainted with the taste of NuGrape and the appearance of its container accepted appellee's product when NuGrape was called for does not support a charge that the similarity between the beverages in appearance and taste enabled such deception to be practiced.

[1, 2] Evidence that retailers, without the knowledge or consent of appellee, and otherwise than by the appearance of appellee's products as prepared by him for retail sales, deceived intending purchasers into accepting products of the appellee when NuGrape was called for, does not support a charge that appellee's products as put up for such sales were liable to be the means of effecting such a deception. The evidence adduced well may be regarded as not satisfactorily showing that there was such similarity in color, taste, and the appearance of the respective containers between NuGrape and appellee's products in his three-bulb bottles as to enable the appellee or retailers to sell his products for appellant's product, NuGrape. We conclude that it does not appear from the record that a preponderance of the evidence adduced showed that the way appellee put up its products for retail sale in its three-bulb bottles enabled it to sell such products for NuGrape, or was manifestly liable to be the means whereby retailers could deceive intending purchasers of ordinary caution and prudence into accepting as NuGrape a product of the appellee. It follows that the court did not err in dismissing appellant's amended bill.

The appellant complains of the refusal of the court, in the trial of the issues raised by the amended bill, to consider certain evidence which was adduced on the hearing of the application for a temporary injunction. The record does not disclose what that evidence was, or the nature of it. The contrary not being shown by the record, it is to be presumed that the evidence referred to was not such as properly could be considered in the hearing of the issues raised by the amended bill, and that the court did not err in making the ruling under consideration.

The decree is affirmed.