The SCOTCH WHISKEY ASSOCIATION, a corporation, et al., Plaintiffs,

v.

BARTON DISTILLING COMPANY, a corporation, Defendant.

No. 69 C 745.

United States District Court, N. D. Illinois, E. D.

May 18, 1971.

Beverly W. Pattishall, Chicago, Ill., for plaintiffs.

D'Ancona, Pflaum, Wyatt & Riskind, Robert W. Gettleman, Chicago, Ill., for defendant.

FINDINGS OF FACT

LYNCH, District Judge.

1. Plaintiff, The Scotch Whiskey Association, is a corporation organized un-

der the laws of the United Kingdom and was formed by and is comprised of distillers, blenders or brokers of Scotch whiskey (Pretrial Order, Joint Statement of Facts, Para. 1).

2. Plaintiff, James Buchanan & Co. Ltd., is a corporation organized under the laws of the United Kingdom and is a blender and exporter of Scotch whiskey (Pretrial Order, Joint Statement of Facts, Para. 2).

3. Plaintiff, Justerini & Brooks Limited, is a corporation organized under the laws of the United Kingdom and is engaged in the business of producing whiskey in Scotland (Pretrial Order, Joint Statement of Facts, Para. 3).

4. Defendant, Barton Brand, Inc., formerly Barton Distilling Company, is a corporation organized under the laws of Delaware, having its principal place of business at 200 South Michigan Avenue, Chicago, Illinois, and is engaged in the United States and elsewhere in the business of producing and marketing alcoholic beverages (Pretrial Order, Joint Statement of Facts, Para. 4).

5. The unqualified terms "Scotch whiskey" and "blended Scotch whiskey" designate that the whiskey sold under said terms has a place of geographic origin in Scotland (Pretrial Order, Joint Statement of Facts, Para. 5).

6. Blended Scotch whiskey is made by blending vatted Scotch malts and Scotch grain whiskies (Woodhouse, R. 32, 41, 51; Dunnet, R. 95).

7. Whiskey produced in Scotland is exported throughout the world (R. 25–26; Woodhouse, R. 33–35; Plf.Exhs. 10, 47).

8. Exports of Scotch and Irish whiskey from the United Kingdom to Panama were for 1966: 206,000 proof gallons; for 1967: 195,000 proof gallons; for 1968: 338,000 proof gallons; and for 1969: 394,305 proof gallons, and said exports have a value of millions of dollars (Woodhouse, R. 25–26, 33–35; Plfs.Exhs. 10, 47).

9. The value of the good will of Scotch whiskey is far in excess of $10,000 exclusive of interests and costs (R. 25–26; Woodhouse, R. 33–35; Plfs. Exhs. 10, 47; Defs.Exh. 5).

10. Members of The Scotch Whiskey Association and the individual corporate plaintiffs have marketed whiskey produced in Scotland throughout the world including Panama and the Canal Zone, for many years, under labels which state that the product is Scotch whiskey (Woodhouse, R. 33–36; R. 62–63; Herod, R. 160–161; Plfs.Exhs. 10–13, 47–48).

11. Defendant, Barton Distilling Company, has long and extensively used the trademark HOUSE OF STUART for Scotch whiskey, and said trademark indicates that whiskey sold under said trademark has a place of produce and geographic origin in Scotland and is the product of defendant (Pretrial Order, Joint Statement of Facts, Para. 7).

12. Cia, Diers & Ullrich S. A., Panama City, Panama is defendant's licensee in Panama, and marketed a product under defendant's "HOUSE OF STUART Blended Scotch Whiskey" label in Panama and the Canal Zone (R. 99–100, 105; Plfs.Exhs. 5–8).

13. In or about 1965, defendant designed and has shipped to Diers & Ullrich from the United States "HOUSE OF STUART Blended Scotch Whiskey" labels, including front, back and neck labels, to be used by Diers & Ullrich (Pretrial Order, Joint Statement of Facts, Para. 10; R. 101–104; Plfs.Exhs. 29, 55–56).

14. The words "Producto Nacional: Fabricado por Diers & Ullrich S. A. Colon, R. P., Bajo La Supervigilancia De Barton Distilling Company, Bardstown, Ky." appearing on the back label of the HOUSE OF STUART Blended Scotch Whiskey labels designed by defendant and supplied to Diers & Ullrich are accurately translated into English as "National Product: Manufactured by Diers & Ullrich S. A. Colon, R. P., Under the Supervision of Barton Distilling Company, Bardstown, Ky." (Pretrial Order, Joint Statement of Facts, Para. 11).

15. On May 30, 1966, defendant was requested by Diers & Ullrich to remove

the word "Imported" from the back label used by Diers & Ullrich with defendant's HOUSE OF STUART Blended Scotch Whiskey labels as use of Imported was "forbidden by law" (Pretrial Order, Joint Statement of Facts, Para. 13).

16. On May 30, 1966, defendant was requested by Diers & Ullrich to remove the statement "Product of Scotland" from the "HOUSE OF STUART Blended Scotch Whiskey" labels (Pretrial Order, Joint Statement of Facts, Para. 13).

17. Defendant has shipped to Diers & Ullrich from the United States bottles to be used by Diers & Ullrich with defendant's HOUSE OF STUART Blended Scotch Whiskey labels (R. 101–102; Schimpf, R. 112).

18. From 1965 through July 14, 1969, defendant shipped Diers & Ullrich vatted Scotch malts (Pretrial Order, Joint Statement of Facts, Para. 15; Plfs.Exh. 57).

19. Although defendant provided its licensee with HOUSE OF STUART Blended Scotch Whiskey labels, the only shipment of HOUSE OF STUART Blended Scotch Whiskey which defendant made to its licensee was in June 1969 (Pretrial Order, Joint Statement of Facts, Para. 15; Plfs.Exh. 57).

20. Defendant, through its licensee, Cia. Diers & Ullrich S. A., produced and marketed in Panama and the Canal Zone under labels provided by defendant bearing the designations "HOUSE OF STUART Extra Light Blended Scotch Whiskey" and "Blended Scotch Whiskey" a spurious Scotch whiskey which included spirits not produced in Scotland, and which was made by mixing vatted Scotch malts provided by defendant with local spirits (Lohse, R. 64–69; Byers, R. 74–78; R. 80–81; Dunnet, R. 85–89; R. 102; Mardell, R. 120–122; Plfs.Exh. 31).

21. Defendant's agreement with its licensee in Panama includes a requirement that said licensee make available to defendant samples from each bottling run and allow defendant to inspect and control the nature of the product sold by the licensee under defendant's HOUSE OF STUART trademark (Pretrial Order, Joint Statement of Facts, Para. 9; R. 99–100; Plfs.Exhs. 5–8).

22. Prior to 1968, defendant took no action to inspect samples of its licensee's product nor did defendant inspect or control the nature of the product sold by its licensee under defendant's HOUSE OF STUART Blended Scotch Whiskey label (Kraus, R. 129–132; Herod R. 182).

23. On July 5, 1968, John Herod, export director of defendant's wholly owned subsidiary, House of Stuart Bonding Co., Ltd., wrote to Diers & Ullrich requesting it to cease its practice of adding local spirits to the vatted malts shipped to it and marketed under the HOUSE OF STUART label (Pretrial Order, Joint Statement of Facts, Para. 16).

24. Other than its letter of July 5, 1968, defendant took no action to police or control its licensee's use of defendant's HOUSE OF STUART Blended Scotch Whiskey labels until long after plaintiffs' Complaint in this action was filed on April 14, 1969 (Kraus, R. 129–132; Herod, R. 182).

25. Defendant continued to ship vatted Scotch malts to Diers & Ullrich which were used in its spurious HOUSE OF STUART Blended Scotch Whiskey product subsequent to the filing of this suit in April 1969 (Plfs.Exh. 57; R. 102).

26. Defendant's licensee produced spurious HOUSE OF STUART Blended Scotch Whiskey at least as late as July 1969 (R. 102; Plfs.Exh. 31; Mardell, R. 120–122).

27. Defendant's spurious "HOUSE OF STUART Blended Scotch Whiskey" containing spirit other than Scotch whiskey, remained on sale at least as recently as February 1971 (Byers, R. 74–76; R. 80–81; Dunnet, R. 85–89; Plfs. Exh. 51).

28. Defendant knew, or should have known, in 1965 at the time it designed its HOUSE OF STUART Blended Scotch Whiskey labels for shipment to its licensee in Panama and continuously thereaf-

ter until subsequent to the filing of this suit, that said licensee was marketing a spurious product including spirits not produced in Scotland (Pretrial Order, Joint Statement of Facts, Paras. 10, R. 101–104; Plfs.Exhs. 29; 55–56; Herod, R. 183–185).

29. Defendant knew, or should have known, in 1966 at the time its licensee in Panama requested defendant to remove the word "Imported" from the back label for defendant's HOUSE OF STUART Blended Scotch Whiskey product as being "forbidden by law," and continuously thereafter until subsequent to the filing of this suit, that said licensee was marketing a spurious product including spirits not produced in Scotland (R. 103–104; Plfs.Exh. 56).

30. Defendant knew, or should have known, in 1966 at the time its licensee in Panama requested defendant to remove the words "Product of Scotland" from its HOUSE OF STUART Blended Scotch Whiskey labels, and continuously thereafter until subsequent to the filing of this suit, that said licensee was marketing a spurious product including spirits not produced in Scotland (R. 103–104; Plfs.Exh. 56).

31. Defendant knew, or should have known, that its continuous shipment of vatted Scotch malts to its licensee in Panama from 1965 to June 1969 without any concomitant shipment of either Scotch grain whiskies or HOUSE OF STUART Blended Scotch Whiskey meant that said licensee was marketing a spurious HOUSE OF STUART product, including spirits not produced in Scotland (R. 104–105; Plfs.Exh. 57).

32. Defendant knew, or should have known, from 1965 through July 14, 1969, that its failure to obtain and analyze samples of bottling runs of the HOUSE OF STUART product of its licensee in Panama and its failure to inspect the production facilities of its licensee in Panama and control the nature of the product could result in continued production and marketing by its said licensee of a spurious HOUSE OF STUART product including spirits not produced in

Scotland (Pretrial Order, Joint Statement of Facts, Para. 9; Plfs.Exhs. 5–8; R. 130–132).

33. Defendant's use of its "HOUSE OF STUART Blended Scotch Whiskey" label in Panama and the Canal Zone for spurious Scotch whiskey including spirits not produced in Scotland is likely to cause deception in that people will believe defendant's product has a geographic origin in Scotland.

## CONCLUSIONS OF LAW

1. Defendant's sale of spurious HOUSE OF STUART Blended Scotch Whiskey in the Canal Zone is made in and affects commerce of the United States.

2. Defendant's sale of spurious HOUSE OF STUART Blended Scotch Whiskey in Panama is made in and affects foreign commerce of the United States.

3. This court has jurisdiction of plaintiffs' claim under Section 43(a) of the Trademark Laws (15 U.S.C. 1125(a) since plaintiffs' claim arises under the Trademark Laws, with jurisdiction being conferred by 15 U.S.C. 1121 and 28 U.S.C. 1338(a).

4. This court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, as implemented by 15 U.S.C. 1126(b), since plaintiffs' claim arises under the Trademark Laws, with jurisdiction being conferred by 15 U.S.C. 1121 and 28 U.S.C. 1338(a).

5. The court has jurisdiction of plaintiffs' claim under the Convention of Paris for the Protection of Industrial Property, since plaintiffs' claim arises under a treaty of the United States and the value of the matter in controversy is in excess of $10,000, exclusive of interest and costs, with jurisdiction being conferred by 28 U.S.C. 1331.

6. Defendant's use of its "HOUSE OF STUART Blended Scotch Whiskey" label in Panama and the Canal Zone for spurious Scotch whiskey including spirits not produced in Scotland constitutes a false designation of geo-

graphic origin in violation of Section 43(a) of the Trademark Laws of the United States (15 U.S.C. 1125(a) ), and in violation of Section 10, 10 bis and 10 ter of the International Convention of Paris for the Protection of Industrial Property.

7. Defendant is responsible for the use of its "HOUSE OF STUART Blended Scotch Whiskey" label in Panama and the Canal Zone by defendant's licensee.

8. Defendant has failed reasonably to police its licensee's use of defendant's "HOUSE OF STUART Blended Scotch Whiskey" label.

9. Defendant placed the means of deception in the hands of its licensee and is responsible for the use of a false designation of origin by its licensee.

10. Plaintiffs are entitled to an injunction against continued use of the words "Scotch Whiskey" and the trademark HOUSE OF STUART on or in connection with a beverage including spirits not produced in Scotland.

11. Plaintiffs are entitled to be reimbursed in the amount of their reasonable attorneys' fees incurred in the prosecution of this action.

12. Plaintiffs are entitled to a judgment requiring that defendant pay over to plaintiffs its taxable costs incurred in this action.