Charlie **RICH** and **CBS** Inc., Plaintiffs,

v.

**RCA CORPORATION, Defendant.**

**No. 74 Civ. 5232–LFM.**

United States District Court,
S. D. New York.

March 11, 1975.

Seymour Rosenberg, Memphis, Tenn., W. Mallory Rintoul and Ronald E. Guttman, New York City, for plaintiffs.

Kaye, Scholer, Fierman, Hays & Handler, New York City, for defendant; David Goldberg, William M. Borchard, Guy M. Blynn and Denise Carty-Bennia, New York City, of counsel.

## OPINION

MacMAHON, District Judge.

Plaintiffs, Charlie Rich and CBS Inc., seek a preliminary injunction enjoining RCA Corporation from using the current photograph or likeness of Rich on the jacket of a recently released phonograph record[1] entitled "Charlie Rich—She Called Me Baby," containing authentic songs recorded by Rich some ten to fourteen years ago. Plaintiffs claim that defendant's use of Rich's current likeness on this album of old recordings violates Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), since it misleads the public to believe that the record album contains recently recorded songs.

It is undisputed that the songs in the RCA album were recorded some ten to fourteen years ago, when Rich was under exclusive contract to RCA and prior to his current fame and success. It ap-

---

1. Plaintiffs' motion is also addressed to tape recordings of the same album of songs. It bears the same likeness of Rich and this opinion applies with equal force to the tape recordings.

pears from the affidavits and exhibits that Rich's singing style and appearance has undergone considerable change over the last ten years. In contrast to his appearance at the time he was under contract to RCA, he now sports long hair and "mod" style clothing typical of his new image.

A likeness of the "current" Charlie Rich while performing appears on both the front and the back of the record jacket in question. The titles of the songs on the album are listed on the front and back of the record jacket, and four of the ten titles are followed by asterisks. In small type on the back of the jacket is an explanation that the asterisks indicate that the songs so marked are "previously released selections." The size and location of this explanation, however, make it visible only upon the closest inspection. It is far from obvious to a potential consumer who might be browsing through racks of record albums in search of a desirable recording. Moreover, it is not indicated anywhere on the album that these recordings were made over a decade ago. In fact, the only date appearing on the jacket is the copyright date, 1974.

The jacket is sealed with a transparent shrink wrap which prevents the consumer from examining the enclosed record prior to purchase. However, even if the consumer were able to inspect the record prior to purchase, he would glean no additional information since the affixed label neither mentions the dates of the recordings nor the fact that they were previously released. Again, the only date appearing on the label is the copyright date, 1974.

Section 43(a) of the Lanham Act provides in part:

"Any person who shall affix . . . or use in connection with any goods . . . any false description

or representation, including words or other symbols tending falsely to describe or represent the same, and shall cause such goods . . . to enter into commerce . . . shall be liable to a civil action . . . by any person who believes that he is or is likely to be damaged by the use of any such false description or representation."

■ In order to win a preliminary injunction, plaintiffs need not show that the public has been deceived or confused; the likelihood of deception and confusion is sufficient.[2] We find that such a likelihood exists.

■ In light of all the indisputable facts, it is clear that the current picture of Rich on the record jacket, without a prominent notation that the songs in the album were recorded over a decade ago, is likely to deceive and confuse consumers as to the true contents of the package by misleading them to believe that the album contains songs recently recorded by Rich.

Furthermore, plaintiffs have shown a likelihood that continuance of defendant's deceptive packaging of its Charlie Rich album will cause irreparable injury in terms of loss of customers to CBS and damages to Rich's reputation. This injury is likely to be magnified unless defendant is enjoined from continuing its deceptive practice. The equities favor plaintiffs, and it is quite probable that plaintiffs will succeed on the merits if this action eventually proceeds to trial.

Accordingly, plaintiffs are entitled to a preliminary injunction enjoining defendant from further sales of the record album and tape recording "Charlie Rich —She Called Me Baby" in its present jacket bearing the current likeness of Rich.

Settle order within fifteen (15) days.

2. Hesmer Foods, Inc. v. Campbell Soup Co., 346 F.2d 356 (7th Cir.), cert. denied, 382 U.S. 839, 86 S.Ct. 89, 15 L.Ed.2d 81 (1965); Parkway Baking Co. v. Freihofer Baking Co., 255 F.2d 641 (3d Cir. 1958); Geisel v. Poynter Products Inc., 283 F.Supp. 261 (S. D.N.Y.1968).