Peter Blair NOONE, p/k/a Herman of Herman's Hermits, Plaintiff,

v.

BANNER TALENT ASSOCIATES, INC., et al., Defendants.

No. 75 Civ. 1546.

United States District Court, S. D. New York.

Aug. 1, 1975.

Abeles Clark & Osterberg, New York City, for plaintiff; Robert C. Osterberg, New York City, of counsel.

Saul L. Victor, New York City, for defendant Banner Talent Associates, Inc.; Clark A. Marcus, New York City, of counsel.

Michael A. Lacher, New York City, for defendants Karl Anthony Green, Derek Leckenby and Jan Barry Whitwam.

METZNER, District Judge:

Defendants Karl Anthony Green, Derek Leckenby and Jan Barry Whitwam (the individual defendants) move to dismiss the complaint for improper service and resulting lack of *in personam* jurisdiction, for lack of standing, for lack of subject matter jurisdiction, for failure to state a claim upon which relief can be granted, and on grounds of equity and comity. Defendant Banner Talent Associates, Inc. (Banner) joins in the motion to dismiss.

This case has already been before the court on plaintiff's motion for a preliminary injunction which was denied after an evidentiary hearing.

The individual defendants, together with plaintiff Peter Blair Noone, were the original members of an English musical rock 'n roll group known as "Herman's Hermits." Plaintiff was the lead singer of the group at the time, and held himself out and was identified as "Herman" by the public. The group achieved a world-wide reputation, made numerous million-selling records and albums, and frequent television, stage and concert appearances.

In 1969 Noone, apparently deciding that he needed greater personal exposure, caused himself to be separately billed, styling the group "Peter Noone and Herman's Hermits." The group's last record release was under this name.

In 1971 Noone left the group to pursue his individual career. The individual defendants stayed together, performing under the name "The Hermits." The four were together again, briefly, in 1973 for an American concert tour, where they were billed as "Herman's Hermits featuring Peter Noone."

In late 1973, the individual defendants, with another member, started an American tour without Noone, billing themselves as "Herman's Hermits." All of their engagements were booked by defendant Banner, a nonexclusive booking agent. Sometime thereafter, following an alleged request by Noone for the in-

dividual defendants to cease the use of the name, Noone organized a group to perform in England, billed as "Herman's Hermits." The individual defendants have brought an action in England to enjoin Noone from the use of the name in that country. Shortly thereafter, Noone brought the instant action to enjoin the individual defendants and Baner from using the name in this country. The complaint alleges two counts: one based on Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and the other a claim under the common law for unfair competition.

The question of service and personal jurisdiction was raised at the time of the evidentiary hearing on the motion for a preliminary injunction. After hearing the evidence, I found that service was proper and the court had personal jurisdiction of the defendants.

The individual defendants are all citizens of Great Britain. The plaintiff is also a British subject. The individual defendants argue that Section 43(a) of the Lanham Act cannot be used by a foreign plaintiff against foreign defendants. This is a question of first impression.

▮▮▮ Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), states in pertinent part:

"§ 1125. False designations of origin and false descriptions forbidden

(a) *Any person* who shall . . . use in connection with any goods or services . . . a false designation of origin, or any false description or representation . . . and shall cause such goods or services to enter into commerce, and any person who shall with knowledge of the falsity . . . cause or procure the same to be . . . used in commerce . . . shall be liable to a civil action . . . *by any person* who believes that he is or is likely to be damaged by the use of any such false description or representation." (Emphasis added.)

By its express terms, therefore, the section does not limit its applicability to nationals of the United States. "In general, foreigners can claim the same rights and are subject to the same duties as citizens" under the trademark laws. 4 Callman, *Unfair Competition, Trademarks and Monopolies* § 100.1(a), at 844 (3d Ed. 1970).

Courts have held that foreign plaintiffs have standing to sue United States nationals under Section 43(a), *e. g., Scotch Whiskey Association v. Barton Distilling Company*, 338 F.Supp. 595 (N.D.Ill.1971), *aff'd*, 489 F.2d 809 (7th Cir. 1973); *Menendez v. Faber, Coe & Gregg, Inc.*, 345 F.Supp. 527 (S.D.N.Y. 1972), *modified on other grounds*, 485 F.2d 1355 (2d Cir. 1973), and that "the general provisions of the Lanham Act may be invoked against foreign citizens who infringe United States trade-marks in this country . . . ." *Id.* at 558–59.

Defendants argue that the doctrine of *American Automobile Association v. Spiegel*, 205 F.2d 771 (2d Cir.), *cert. denied*, 346 U.S. 887, 74 S.Ct. 138, 98 L. Ed. 391 (1953) precludes an action wholly between foreign parties. That opinion, however, merely found that Section 44 of the Lanham Act did not establish a federal law of unfair competition outside the scope of the statutory provisions of the Lanham Act. In the instant case, it is conduct under Section 43(a) that is alleged.

I should point out that although plaintiff frames his claim for relief pursuant to Section 43(a), I would find that the facts would clearly support a claim for relief pursuant to Section 44(b).

▮▮▮ The trade name here, "Herman's Hermits," is being used in this country and has a secondary meaning in this country, apart from any that it may have in England. The gist of an action under Section 43(a) is false designation. *See Colligan v. Activities Club of New York, Ltd.*, 442 F.2d 686, 691–92 (2d Cir.), *cert. denied*, 404 U.S. 1004, 92 S. Ct. 559, 30 L.Ed.2d 557 (1971); *Nor-*

man M. Morris Corporation v. Weinstein, 466 F.2d 137, 141–42 (5th Cir. 1972). Therefore, I find that plaintiff may sue the individual defendants under Section 43(a) based on the alleged misuse of the trade name within the jurisdiction of this court.

As to the motion to dismiss for failure to state a claim upon which relief may be granted, plaintiff in effect alleges that the use of the name "Herman's Hermits" is a false description in that "Herman" is not a member of the group. Section 43(a) provides relief against the type of unfair competition that is analogous to misappropriation of trade names. *Geisel v. Poynter Products, Inc.*, 283 F.Supp. 261 (S.D.N.Y. 1968). *See National Lampoon, Inc. v. American Broadcasting Companies, Inc.*, 376 F.Supp. 733 (S.D.N.Y.1974); *Rich v. RCA Corporation*, 390 F.Supp. 530 (S.D.N.Y.1975). If the name "Herman's Hermits" has acquired a sufficient secondary meaning to imply, even now, that plaintiff is the lead singer of the group, then the use of the word "Herman's" would be misleading and give rise to an action under Section 43(a) as a false description. The motion to dismiss this claim is denied.

Similarly, the motion to dismiss the claim for unfair competition is denied. Once a substantial claim under the trademark laws is established, a claim for unfair competition is properly before the court. 28 U.S.C. § 1338(b).

Defendant Banner moves to dismiss on the ground that Section 43(a) was never intended to cover the activities of a booking agent. The section clearly states that it extends to any person who knowingly causes a false representation to be used in commerce. The booking agent here, even if nonexclusive, makes a profit from the booking of the individual defendants. If it causes the booking of the defendants as "Herman's Hermits" knowing that designation to be false, it would be liable under the Act.

Defendants claim that because Noone used the designation in England without their participation, he is guilty of "unclean hands" in bringing this action. The fact that plaintiff uses a name that was at one time admittedly attributable to him personally, and that he claims is his to use, has none of the illegal taint required to invoke this defense. See 4 Callman, *Unfair Competition, Trademarks and Monopolies*, § 87.-1(b) (3d Ed. 1970).

Finally, the action in the British courts is irrelevant to the determination here. Determination of trademark rights within this country is not affected by the determination of rights in the mark in a foreign jurisdiction, especially since there is no registry, and each court is dealing with its own secondary meanings. *Vanity Fair Mills, Inc. v. The T. Eaton Company, Ltd.*, 234 F.2d 633 (2d Cir.), *cert. denied*, 352 U.S. 871, 77 S.Ct. 96, 1 L.Ed.2d 76 (1956).

Accordingly, the motion is in all respects denied.

So ordered.