**DISPLAY PRODUCERS, INC., Plaintiff,**

v.

**SHULTON, INC. and Ledan, Inc., Defendants.**

**No. 76 Civ. 3695.**

United States District Court, S. D. New York.

Oct. 27, 1981.

Meltzer, Lippe & Goldstein, P. C., Mineola, N. Y., for plaintiffs; William D. Denson, Mineola, N. Y., of counsel.

Gold, Farrell & Marks, New York City, for defendant, Shulton, Inc.

Maloney, Viviani & Higgins, New York City, for defendant, Ledan, Inc.

## OPINION AND ORDER

OWEN, District Judge.

The instant dispute arises out of the creation, manufacture, sale and use of a point-of-sale display for "Cie" perfume, a product of defendant Shulton, Inc. ("Shulton"). Plaintiff Display Producers, Inc. ("DPI"), which claims to have created or designed the "Cie" displays for Shulton, alleges that Ledan, Inc. ("Ledan"), violated § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), by falsely advertising that Ledan created the "Cie" display. Plaintiff also seeks to hold

Shulton liable under the Lanham Act for "enabling Ledan to make such false representations." Proposed Amended Complaint ¶ 58; Complaint ¶ 20. Before me is Shulton's motion to dismiss the complaint, pursuant to Fed.R.Civ.P. 12(b)(6), or, in the alternative for summary judgment, pursuant to Fed.R.Civ.P. 56, and DPI's cross-motion to amend the complaint, pursuant to Fed.R.Civ.P. 15(a). For the reasons set forth below, Shulton's motion to dismiss is granted, and DPI's motion to amend the complaint is denied.

The facts can be briefly summarized as follows. Sometime in Spring, 1976, Shulton's product manager asked DPI to participate in the development of a point-of-sale display for a new fragrance Shulton planned to introduce. Although the nature and terms of any agreement between DPI and Shulton are in dispute, it is evident that after extensive meetings between the parties DPI produced a model of its design for the "Cie" display. What happened next is the subject of bitter disagreement. According to DPI, after agreeing that the model satisfied Shulton's requirements, Shulton asked DPI to produce a carton model or sample and to submit a price quotation for 2,000 units. Thereafter, apparently because of lower cost and faster delivery, Shulton allegedly turned over a duplicate model of DPI's display design to Ledan and engaged Ledan to manufacture the "Cie" display using plaintiff's design. Finally, in an article appearing in the July/August 1978 issue of *Creative* Magazine, Ledan allegedly claimed to have "created" the "Cie" display at issue.

Consistent with the requirement that the allegations in the complaint are deemed to be true for purposes of a motion to dismiss, *Conley v. Gibson*, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), the narrow question before me is whether DPI states a claim against Shulton under section 43(a) of the Lanham Act.[1] DPI's Lanham Act claim against Shulton is derivative of its claim against Ledan. With respect to Ledan, DPI alleges that Ledan engaged in "reverse palming-off" by exhibiting a picture of a display supposedly designed by plaintiff accompanied by the statement that Ledan "created" the item in the photograph. In short, plaintiff alleges that Ledan engaged in false and/or deceptive advertising in connection with the sale of its goods and services. *See*, 15 U.S.C. § 1125(a). DPI proceeds against Shulton on a somewhat different theory.[2] Plaintiff's argument begins with the assumption that Ledan's conduct runs afoul of the Lanham Act, *see, Ives Laboratories, Inc. v. Darby Drug Co., Inc.*, 601 F.2d 631, 643 (2d Cir. 1979); *John Wright, Inc. v. Casper Corp.*, 419 F.Supp. 292 (E.D.Pa.1974) *aff'd in part and rev'd in part on other grounds sub nom. Donsco, Inc. v. Casper Corp.*, 587 F.2d 602 (3d Cir. 1978).[3] *Matsushita Electric Corp. v. Solar Sound Systems, Inc.*, 381 F.Supp. 64, 67 (S.D.N.Y.1974), and concludes with the assertion that Shulton is liable for contributory infringement under Proposed Amended Complaint ¶ 58 because it allegedly provided Ledan with the plaintiff's model.[4]

---

1. DPI's remaining claims which include allegations of breach of contract, common law copyright infringement and unjust enrichment are all pendent state law claims. *See, United Mine Workers v. Gibbs*, 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1965).

2. Ledan and DPI are engaged in the sale of both goods and services. In addition to selling a finished product, e. g. a display unit, both firms offer customers their skills as designers as well as their marketing know-how.

3. Ledan has not moved to dismiss the complaint, and today's decision expresses no opinion as to the sufficiency of the allegation against Ledan.

4. Paragraph 58 of the proposed amended complaint recites the following allegations:

Defendant SHULTON did wrongfully, unlawfully and willfully aid, abet and assist LEDAN in falsely representing its authorship and creation of said "CIE" display in interstate commerce in that SHULTON did wrongfully, unlawfully and willfully impart information concerning said "CIE" display to LEDAN and did wrongfully, unlawfully and willfully transfer and deliver to LEDAN a duplicate model of the original and unique design of the "CIE" display which was created by and was the property of the plaintiff, thereby enabling LEDAN to have renderings and models made or constructed which wrongfully and unlawfully embodied plain-

Courts have uniformly recognized that a person can be liable under the Lanham Act even though that person was not directly responsible for placing the infringing goods in commerce. *See, e. g., Famolare, Inc. v. Melville Corp.*, 472 F.Supp. 738, 746 (D.Hawaii 1979) *aff'd without opinion*, 652 F.2d 62 (9th Cir. 1981); *Noone v. Banner Talent Associates, Inc.*, 398 F.Supp. 260 (S.D.N.Y.1975).[5] As the court in *Mattel, Inc. v. Goldberger Doll Manufacturing Co., Inc.*, 200 F.Supp. 517 (E.D.N.Y.1961) explained,

> "[b]efore he can himself be held as a wrongdoer or contributory infringer one who supplies another with instruments by which another commits a tort, must be shown to have knowledge that the other will or can reasonably be expected to commit a tort with the supplied instrument. The test is whether wrongdoing by the purchaser might well have been anticipated by the defendant." *Id.* at 519 quoting *Coca Cola Co. v. Snow Crest Beverages, Inc.*, 64 F.Supp. 980, 989 (D.Mass. 1946), *affirmed*, 162 F.2d 280 (1st Cir.), *cert. denied*, 322 U.S. 809, 68 S.Ct. 110, 92 L.Ed. 386 (1947).

Most cases of contributory infringement have involved an attempt by an aggrieved plaintiff to recover from a manufacturer for damages caused by a retailer's sale of infringing goods supplied by the defendant manufacturer. In all of those cases, the plaintiff alleged that the manufacturer knew or should have anticipated subsequent attempts by the retailers to defraud the public. *See, William R. Warner & Co. v. Eli Lilly & Co.*, 265 U.S. 526, 530, 44 S.Ct. 615, 617, 68 L.Ed. 1161 (1924); *Upjohn Co. v. Schwartz*, 246 F.2d 254 (2d Cir. 1957); *Reid,*

*Murdoch & Co. v. H. P. Coffee Co.*, 48 F.2d 817 (8th Cir.), *cert. denied*, 284 U.S. 621, 52 S.Ct. 9, 76 L.Ed. 529 (1931); *Noone v. Banner Talent Associates, Inc., supra.*

In addition, plaintiffs have successfully prosecuted contributory infringement claims against booking agents or brokers who have knowingly offered services to the public by means of fraudulent representations. *See, e. g., Noone v. Banner Talent Associates, Inc., supra.*

It is evident, however, that plaintiff's allegations against Shulton fail to state a claim for contributory infringement under the Lanham Act. DPI simply claims that Shulton "enabled" Ledan to make its advertising claim in Creative magazine by providing Ledan with the DPI model. Proposed Amended Complaint ¶ 58. The complaint nowhere alleges that Shulton "knew" or should have "anticipated" that Ledan would claim to have created the "Cie" display. The mere allegation that Shulton provided Ledan with the opportunity to engage in wrongful conduct does not, without more, state a claim for contributory infringement under the Lanham Act.[6]

In addition to the Lanham Act claim, certain pendent state claims are included (or proposed) as well. These fall with the Federal claim.

For the reasons stated above, Shulton's motion to dismiss the complaint is granted, and DPI's motion to amend the complaint is denied.

So ordered.

---

tiff's property, and further enabling LEDAN to make such false representation, to the irreparable injury of the plaintiff.

**5.** Here Shulton could not be primarily liable for the infringement, if any, resulting from the Creative magazine advertisement because that advertisement did not purport to sell Shulton's goods or services. Indeed, Shulton is a purchaser of the allegedly infringing product which it uses in the marketing of its goods.

**6.** In paragraph 20 of the original complaint, plaintiff alleged that Shulton "continued to use" the "Cie" display with knowledge of the false representations in the Creative advertisement. This pleading is defective on its face as it fails to allege that the "Cie" display provided by Shulton to its customers carried "a false designation of origin, or any false description or representation." 15 U.S.C. § 1125(a). Indeed, plaintiff does not dispute the fact that the "Cie" display distributed by Shulton contained no designation of origin at all.