The FARMERS AND STOCKMENS BANK OF CLAYTON, NEW MEXICO, Plaintiff-Appellee,

v.

Van STAFFORD and Lois Stafford, Defendants-Appellants.

No. 85CA1373.

Colorado Court of Appeals, Division IV.

April 16, 1987.

Mitchell & Mitchell, P.C., Michael T. Mitchell, Rocky Ford, for plaintiff-appellee.

Van Stafford, pro se.

Lois Stafford, pro se.

SILVERSTEIN, Judge.[*]

In this action for the balance due on promissory notes and for foreclosure on a mortgage, defendants, Van and Lois Stafford, appeal from the judgment for plaintiff, The Farmers and Stockmens Bank of Clayton, New Mexico (the Bank). We affirm.

The record discloses the following. In 1976, in exchange for loans from the Bank the Staffords executed promissory notes secured by a mortgage on real property in Baca County, Colorado. They failed to make the required payments, and the Bank commenced this action to recover the amount due on the notes and to foreclose on the mortgage. The Staffords raised numerous defenses, including usury, fraud, failure of consideration, and various claims concerning the legality of the Federal Reserve System and the absence of a gold standard. The trial court rendered judgment for plaintiff and allowed foreclosure.

On appeal, the Staffords contend that they have "waived their signatures" on the promissory notes and their rights as United States citizens, pursuant to § 4–1–107, C.R.S., and are, therefore, no longer liable on the notes. In support of this contention, they state that they have notified the Bank, in writing, of the waiver of their signatures and have notified the United States Department of Commerce of their waiver of citizenship rights. This argument is without merit.

Section 4–1–107, C.R.S., is a general provision of the Uniform Commercial Code which provides that:

"Any claim or right arising out of an alleged breach can be discharged in whole or in part without consideration by a written waiver or renunciation signed and delivered by the aggrieved party."

An "aggrieved party" is defined at § 4–1–201(2), C.R.S., as "a party entitled to resort to a remedy."

The Staffords' reliance upon § 4–1–107, C.R.S., is misplaced. They were not "aggrieved parties" as contemplated by that statute and had no rights or claims to waive. Thus, their purported "waiver of their signatures," pursuant to § 4–1–107, C.R.S., did not relieve them of their obligations under the notes.

Further, the Staffords' attempted waiver of their citizenship rights had no effect upon their liability on the notes. *See Noone v. Banner Talent Associates, Inc.,* 398 F.Supp. 260 (1975). Their obligations under the terms of the notes are independent of their rights as United States citizens. One may not leave his debts behind by merely turning away from the flag.

[*] Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3), and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).

The promissory notes provide for payment of attorney fees in the event of default. Thus, plaintiff is entitled to reasonable attorney fees incurred in this appeal.

The judgment is affirmed, and the cause is remanded to the trial court to determine and award to plaintiff its attorney fees reasonably incurred in this appeal.

VAN CISE and HODGES*, JJ., concur.

---

* Sitting by assignment of the Chief Justice under provisions of the *Colo. Const.,* art. VI, Sec. 5(3),  and § 24–51–607(5), C.R.S. (1982 Repl. Vol. 10).