Conway, Ch. J.
In June of 1953 the defendant insurance company issued to plaintiff a “ Comprehensive Personal Liability Policy ”, covering the plaintiff, residents of his household, his dwelling premises and animals kept on his property. Under the terms of the policy defendant undertook “ To pay on behalf o'f the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, and as damages because of injury or destruction of property, including the loss of use thereof.” The policy also provided that the insurer would “ defend any suit against the insured alleging such injury, sickness, disease or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent; * * *.”
In December of 1953 Ernest Markle and his wife instituted suit to enjoin plaintiff from operating a kennel for dogs, alleging that the continual barking destroyed the peaceful and quiet enjoyment of the Markle property which adjoined that of plaintiff. The pertinent paragraphs of that complaint are:
“ 5. That by reason of said nuisance maintained and operated by the defendant as hereinbefore set forth, the value of plaintiffs’ property has been impaired and the health of plaintiffs has been injured.
*442 “ 6. That plaintiffs have no adequate remedy at law and unless defendant is restrained, plaintiffs will suffer irreparable injury.
“ Wherefore, plaintiffs demand judgment that the defendant be permanently enjoined from operating said kennel as herein-before set forth, and that the plaintiffs have such other and further relief as to the court may seem just and equitable besides the costs and disbursements of this action.”
Plaintiff notified defendant of the Markle action, forwarded to the defendant the papers served upon him, and requested the defendant to defend the action in accordance with the terms of the policy. Defendant refused to undertake a defense of the action. Thereafter, plaintiff retained counsel who successfully defended him in the Markle action. Plaintiff then commenced the present suit seeking to recover from defendant the sum of $600.
The complaint alleges that plaintiff paid out $250 as legal fees and expenses in defense of the Markle action and that he has incurred additional legal expenses and disbursements in the prosecution of the instant action “ in the approximate sum of $350.00.”
After defendant had served its answer, denying generally the allegations of the complaint, plaintiff moved, pursuant to rule 113 of the Rules of Civil Practice, for an order striking out defendant’s answer and directing the entry of summary judgment for plaintiff and defendant cross-moved for summary judgment dismissing the complaint. Special Term denied plaintiff’s motion and granted defendant’s motion upon the ground (1) that the insurer undertook to defend only actions wherein money damages were sought against the insured, and (2) that damages could not have been awarded in the Markle action. The Appellate Division unanimously affirmed. The present appeal is by leave of this court.
It is true, of course, that when the plaintiff pleads an equitable cause of action only and fails to prove the facts relied on to sustain the equity jurisdiction, equity will not retain the cause for the purpose of awarding him damages (Merry Realty Co. v. Shamokin & Hollis Real Estate Co., 230 N. Y. 316, 324; Jackson v. Strong, 222 N. Y. 149, 153-154; Bradley v. Aldrich, 40 N. Y. 504, 511). “ The award of mere compensatory damages, which are almost always unliquidated, is a remedy peculiarly belong *443 ing to the province of the law courts, requiring the aid of a jury in their assessment, and inappropriate to the judicial position and functions of a chancellor ” (1 Pomeroy on Equity Jurisprudence [5th ed.], § 237d). If, however, the plaintiff succeeds in proving that he is entitled to equitable relief, equity may grant damages in addition to or as an incident of some other special equitable relief or, where the granting of equitable relief appears to be impossible or impracticable, equity may award damages in lieu of the desired equitable remedy. “ It is a familiar principle that a court of equity, having obtained jurisdiction of the parties and the subject-matter of the action, will adapt its relief to the exigencies of the case. It may order a sum of money to be paid to the plaintiff and give him a personal judgment therefor when that 'form of relief becomes necessary in order to prevent a failure of justice and when it is for any reason impracticable to grant the specific relief demanded ” (Valentine v. Richardt, 126 N. Y. 272, 277; Murtha v. Curley, 90 N. Y. 372; Van Rensselaer v. Van Rensselaer, 113 N. Y. 207, 214; Bell v. Merrifield, 109 N. Y. 202, 207).
So,- it is clear that a money judgment—damages — could have been awarded in the Marble action had the Marbles established their right to equitable relief. Certainly plaintiff would have been legally obligated to pay that money judgment. Ascribing to the terms of the policy here involved, as we must, a natural and reasonable meaning (see, e.g., Goldberg v. Lumber Mut. Cas. Ins. Co., 297 N. Y. 148, 152-153; Burr v. Commercial Travelers Mut. Acc. Assn., 295 N. Y. 294, 301; McGrail v. Equitable Life Assur. Soc., 292 N. Y. 419, 424; Lewis v. Ocean Acc. & Guar. Corp., 224 N. Y. 18, 21), there can be no doubt that the insurer here undertoob (1) to pay on behalf of the insured all sums which the insured became legally obligated to pay as damages by reason of his operating a bennel for dogs, and (2) to defend any suit in which the insured might be held legally obligated to pay damages by reason of his operating a bennel for dogs. The policy does not draw any distinction between damages awarded by a court of law and those awarded by a court of equity. The insured was justified in expecting that if suit was instituted against him wherein he might be legally obligated to pay a sum of money as damages because of his operating a dog bennel, the insurer would defend. It is of no moment that such a judgment was not actually obtained against plaintiff. The *444 defendant was obligated to defend against the possibility thereof 1 ‘ even if such suit is groundless, false or fraudulent ’ ’. It follows, therefore, that defendant’s refusal to undertake the defense of the Markle action was a breach of its covenant with the plaintiff, that defendant is not entitled to summary judgment herein and that plaintiff is entitled to judgment against defendant.
The remaining question concerns the damages to which plaintiff is entitled.
In Goldberg v. Lumber Mut. Cas. Ins. Co. (297 N. Y. 148, supra), where the insurer had failed in its obligation to defend and the insured thereafter sought to recover the sum he ‘ ‘ was obliged to expend * * * for counsel fees, professional services and for disbursements in connection with * * * [such] action ”, we held (p. 154) that the insured “ may recover the expenses incurred by him in defending that action.” Plaintiff here seeks to recover the sum of $250 which he alleges he expended in the defense of the Markle action and, in addition, seeks to recover $350 which he alleges to be the legal fees and expenses incurred in the present litigation. Plaintiff cites no authorities in support of his contention that he is entitled to recover the legal fees and expenses incurred in the present suit and we have found no such authorities. Indeed, it is settled, as Clark points out in his work on the New York Law of Damages (Yol. I, § 145) that: “ The legal expenses necessarily incurred by the plaintiff beyond the taxable costs in seeking legal redress for the wrong, while a loss in a sense resulting from the wrongful act of the defendant, are not recoverable as general or special damages. The law considers, as a general rule, the taxable costs as adequate recompense [citing cases]. * * * Even the taxable costs are not to be included in the damages assessed, but are to be recovered in the taxation, and consequently no evidence as to such costs is relevant on the trial.”
Accordingly, the judgment of the Appellate Division and the order of Special Term should be reversed, with costs in all courts, and the matter remitted to Special Term for further proceedings in accordance with the opinion herein.
Desmond, Dye, Fold, Fboessel, Van Voobhis and Btjbke, JJ., concur.
Judgment accordingly.