In the Matter of the Arbitration between ROBERT O. WEISS, Respondent, and METALSALTS CORPORATION, Appellant.

First Department, December 19, 1961.

Gerard L. Goettel of counsel (Paul E. Doherty with him on the brief; Lowenstein, Pitcher, Hotchkiss, Amann & Parri, attorneys), for appellant.

Kenneth B. Ray of counsel (Nicholas M. Selinka with him on the brief), for respondent.

Per Curiam. The award of the arbitrators, confirmed by Special Term, consists of two parts — an award of damages for wrongful discharge and a direction for specific performance of

an agreement to buy and sell stock of respondent corporation. As to the first the sole objection to confirmation of the award is that it is not clear whether the damages awarded cover all claims for breach of the contract of employment. It appears that claimant was at one time president of respondent corporation. He was removed from his office but continued for some time as an employee, and he was later discharged. Respondent seeks a clarification of the award to show that the award embraces damages for all claims for wrongful discharge, whether as president or employee. Claimant conceded on the argument that the award covers all phases of the claim for wrongful discharge and, in view of the concession, respondent-appellant seeks no relief in that respect.

The award also directs that claimant may have specific performance of the balance of an option to purchase stock of defendant corporation. There is no dispute as to the agreement — claimant was given an option to purchase 80,000 shares of the par value of 10 cents a share at 20 cents a share. Claimant had exercised his option to the extent of 57,500 shares. As to the remaining 22,500 shares, the award directed that if claimant desired to purchase these shares respondent should deliver them in exchange for the payment of $2,250. This is at a price of 10 cents a share. .

Respondent claims that this is an obvious error or miscalculation. It is quite possible that it is. The contract states the purchase price in a separate paragraph, stating the par value in the description of the shares. If we could be certain that this is an error of calculation, we could correct it (Civ. Prac. Act, § 1458). We are not certain that it is.

While the claimant concedes that the arbitrators could not make a new contract for the parties and that a change in the option price would be doing just that, he claims that the award is nevertheless proper. This conclusion is reached by the contention that the arbitrators were in effect awarding damages for delay in making the stock available. The contention is unsound. Aside from the fact that there is no indication that this is what the arbitrators intended, they made no award of damages. If claimant was entitled to damages in this respect his claim is not contingent upon his exercise of the option after judgment. In addition claimant contends that the award is proper because of paragraph 7 in the agreement. That paragraph allows for a revision of the option price to conform to possible changes in the corporate structure. There was no proof of any such changes, nor any indication that the arbitrators acted on such paragraph.

This branch of the award, embraced in item 2 of the award, being uncertain or the result of a miscalculation, should be remanded to the arbitrators for further consideration.

The judgment and order should accordingly be modified, on the law, on the facts and in the exercise of discretion, to remand to the arbitrators item 2 of the award for further consideration and disposition, and as so modified the order should be affirmed, without costs.

BOTEIN, P. J., RABIN, MCNALLY, EAGER and STEUER, JJ., concur.

Order and judgment unanimously modified, on the law, on the facts and in the exercise of discretion, to remand to the arbitrators item 2 of the award for further consideration and disposition, and, as so modified, the order is affirmed, without costs.