Salvatore **CALDERONE**, Plaintiff-Appellee,

v.

**NAVIERA VACUBA** S/A and **Republica de Cuba,** Defendants.

**NAVIERA VACUBA** S/A, Defendant and Third-Party Plaintiff-Appellee,

v.

**MAHER STEVEDORING CO.**, Inc., Third-Party Defendant-Appellant.

**No. 48, Docket 27689.**

United States Court of Appeals Second Circuit.

Cross-Petitions for Rehearing Submitted Dec. 4 and 5, 1963.

Decided Feb. 17, 1964.

---

Hanlon & Dawe, Alexander, Ash & Schwartz, New York City (Sidney A. Schwartz, New York City, of counsel), for Maher Stevedoring.

Kirlin, Campbell & Keating, New York City (Matthew L. Danahar and Charles N. Fiddler, New York City, of counsel), for Naviera Vacuba.

Before CLARK,* MOORE and KAUFMAN, Circuit Judges.

PER CURIAM.

Cross-petitions by Maher Stevedoring Co., Inc., third-party defendant-appellant, and Naviera Vacuba S/A, third-party plaintiff-appellee, for rehearing, modification and clarification. Both petitions granted.

■ Maher asks that the court reconsider its allowance of appellate counsel fees to the shipowner, Naviera Vacuba S/A because, Naviera, having withdrawn its appeal from plaintiff's judgment against it, was solely concerned on appeal with its claim over against the stevedore Maher. The usual rule is that the obligation of the stevedore, if liable, extends to indemnifying the shipowner, which indemnity includes the litigation expenses of defending the suit brought against the shipowner. Paliaga v. Luckenbach Steamship Company, 301 F.2d 403 (2 Cir. 1962) and cases cited therein. As a footnote in that opinion, although the facts involved indemnity for defending against the plaintiff Paliaga, the court said:

> "A distinction should be made between the shipowner's attorneys' fees incurred in defending against the longshoreman's claim and those incurred by the shipowner in prosecuting its own claim for indemnification against the stevedore. In the absence of agreement between the shipowner and the stevedore to the contrary, only the former are recoverable from the stevedore. See discussion in Holley v. The Manfred Standsfield, supra. [186 F.Supp. 805 (E.D.Va.1960)]"

■ The award of appellate counsel fees for resisting Maher's appeal does not technically come within the category of the shipowner prosecuting its own claim against the stevedore. Nevertheless, as Maher points out, the fees were incurred exclusively in the shipowner-stevedore controversy. Such fees would not be included within the indemnity obligations.

The opinion is thus modified by deleting therefrom the words in the last paragraph thereof:

> reasonable attorneys' fees upon this appeal in the amount of $750 taxed

* Judge CLARK died before these petitions had been considered, and took no part in their disposition.

against and to be paid by appellants to counsel for third-party plaintiff-appellee, without proof of prior payment thereof by third-party plaintiff-appellee.

█ Naviera has petitioned for a rehearing to amend the opinion of the court to clarify it to the extent of providing that the condition of payment by Naviera can be met by payment by Naviera or its successors, assignees or any other person, firm or corporation which makes payment on its behalf. Rehearing granted. The opinion is so modified.