**In the Matter of the Arbitration between MARCY LEE MANUFACTURING COMPANY, Petitioner-Appellee,**

**and**

**CORTLEY FABRICS CO., Inc., Respondent-Appellant.**

**No. 67, Docket 29777.**

United States Court of Appeals
Second Circuit.

Submitted Oct. 20, 1965.

Decided Nov. 17, 1965.

John Nielsen, New York City, (Perrell, Nielsen & Stephens, New York City, Thomas O. Perrell, New York City, of counsel), for respondent-appellant.

Erwin Feldman, New York City, for petitioner-appellee.

Before WATERMAN, MOORE and FRIENDLY, Circuit Judges.

PER CURIAM:

This is still another case, see Chatham Shipping Co. v. Fertex Steamship Corp., 352 F.2d 291 (2 Cir. 1965), where a party who has cheerfully entered into an agreement for arbitration repents once the other party seeks to invoke that remedy.

Marcy Lee Manufacturing Company, organized and having its principal place of business in Texas, brought this action in the District Court for the Southern District of New York under the

Federal Arbitration Act, 9 U.S.C. § 4, to compel Cortley Fabrics Company, a corporation organized and having its principal place of business in New York, to arbitrate liability for the interstate sale of fabric alleged to be highly flammable. Marcy Lee made the fabric into a dress, which was subsequently sold to Dorothy McDermott. While she was wearing the dress, it caught fire; the flames burned rapidly and could not be extinguished. Miss McDermott claimed she was seriously burned as a result, and brought an action against Marcy Lee. After settling with her, Marcy Lee unsuccessfully demanded that Cortley arbitrate its claim for indemnity. The District Court directed arbitration.

We can add nothing to Judge Wyatt's well-reasoned opinion save as regards one of Cortley's points, on which an additional word may be useful. Cortley insists that the conventional allegation in the complaint that "The matter in controversy exceeds, exclusive of interest and costs, the sum of $10,000," is negated by the conceded facts. Marcy Lee settled with Miss McDermott for $4,500 and incurred $3,878.94 in legal and other expenses, which leaves it somewhat short of the required amount. Although Marcy Lee also seeks $2,000 for legal and other expenses incurred by reason of Cortley's refusal voluntarily to submit to arbitration, Cortley challenges the inclusion of this on the ground that there can be no recovery of amounts spent in establishing a right to indemnity. See Doyle v. Allstate Ins. Co., 1 N.Y.2d 439, 444, 154 N.Y.S.2d 10, 14, 136 N.E.2d 484 (1956); Paliaga v. Luckenbach S. S. Co., 301 F.2d 403, 409 n. 1 (2 Cir. 1962); Calderone v. Naviera Vacuba, 328 F.2d 578 (2 Cir. 1964).

The test here, however, is not what Marcy Lee might collect in an action but what it might obtain from the arbitration it seeks to compel. Even if New York law were applicable, as the parties have assumed, the New York Court of Appeals has stated unequivocally that as long as arbitrators remain within their jurisdiction and do not reach an irrational result, they may "fashion the law to fit the facts before them" and their award will not be set aside because they erred in the determination or application of the law, Matter of Exercycle Corp. (Maratta), 9 N.Y.2d 329, 336–337, 214 N.Y.S.2d 353, 357–358, 174 N.E.2d 463 (1961). And if the power of arbitrators under a contract subject to the Federal Arbitration Act is governed by federal law, as we think it to be, see 9 U.S.C. §§ 10 and 11, Robert Lawrence Co. v. Devonshire Fabrics, Inc., 271 F.2d 402, 404–409 (2 Cir. 1959), cert. granted, 362 U.S. 909, 80 S.Ct. 682, 4 L.Ed.2d 618, dismissed pursuant to stipulation, 364 U.S. 801, 81 S.Ct. 27, 5 L.Ed.2d 37 (1960), the result would be the same. Amicizia Societa Navegazione v. Chilean Nitrate and Iodine Sales Corp., 274 F.2d 805, 808 (2 Cir.), cert. denied, 363 U.S. 843, 80 S.Ct. 1612, 4 L.Ed.2d 1727 (1960). The arbitrators in this case thus would not have to respect the rule disallowing legal expenses incurred in enforcing indemnity claims. Indeed, avoidance of that rule, which necessarily leads to undercompensation, might be one of the very reasons for an agreement to substitute the arbitral for the legal process.

Affirmed.