Pasquale QUADRINO, Plaintiff-Appellee,

v.

The S S THERON, her engines, boilers, tackle, furniture and appurtenances thereto, N.V. Koninklijke Nederlandsche Stoomboot Maats, Amsterdam, Defendant-Appellant and Third-Party Plaintiff-Appellant,

v.

MAUDE JAMES, INC., Third-Party Defendant-Appellee.

Nos. 30, 31, 32, Dockets 34572, 34762, 34813.

United States Court of Appeals, Second Circuit.

Argued Sept. 18, 1970.

Decided Nov. 9, 1970.

Rehearing Denied Jan. 19, 1971.

Lester E. Fetell, Benjamin J. Sergi, Sergi & Fetell, Brooklyn, N. Y., for plaintiff-appellee.

Thomas Grimes, Brooklyn, N. Y., Daniel J. Coughlin, New York City, for defendant-appellant.

Konrad M. Michelsen, Joseph Grainger, Thomas H. Healey, Foley, Grainger & Darby, New York City, for third-party defendant-appellee.

Daniel J. Coughlin, Burlingham, Underwood, Wright, White & Lord, William M. Kimball, John G. Ingram, Frederick M. Sevekow, Jr., James W. Fry, New York City, for appellant-petitioner.

Before WATERMAN, MOORE and KAUFMAN, Circuit Judges.

PER CURIAM:

Plaintiff longshoreman, a hatch boss for the stevedore, Maude James, Inc., brought his action against the Royal Netherlands Steamship Company to recover for personal injuries and consequential damages allegedly suffered by him when he stepped onto a bilge cover in the lower deck of the No. 2 hold of the SS *Theron* and the bilge cover gave way beneath him. He claimed that the shipowner was negligent and that the SS *Theron* was unseaworthy.

After trial a jury returned a verdict for the plaintiff. Prior to trial the shipowner had impleaded the stevedore as a third party defendant, seeking indemnity from the latter in the event the shipowner should be found liable to the plaintiff. The stevedore denied any liability and counterclaimed against the shipowner for its expenses and litigation costs, including attorneys' fees. By consent the third party claim and the counterclaim were reserved for decision by the trial judge, who, after receiving the jury's verdict, filed an opinion refusing indemnification and awarding to the stevedore its reasonable expenses and

costs, including attorneys' fees, incurred by it in defending the lawsuit.

Appellant briefed two assignments of error in support of its claim that a new trial should be ordered.

Plaintiff's doctor testified that plaintiff had suffered a ten to twenty per cent permanent disability involving his right knee and thigh but that relief was obtainable by surgery. Prior to summations and to the charge of the court to the jury appellant did not request that the court give any instruction to the jury relative to whether the plaintiff had a duty to mitigate recoverable damages by submitting to surgery, and no charge on the subject was given. After the charge was completed appellant brought the omission to the court's attention and the court declined at that time to add to the instructions already given, ruling that no serious question of failure to mitigate damages had been presented. Appellant argues to us that the absence of an instruction that plaintiff had a duty to undergo surgery in order to mitigate damages permitted the jury to ignore this medical testimony. On the contrary, as the judge made no comment whatever on this evidence, the jury was free to consider the doctor's statement along with all other evidence before it, and was free to weigh this testimony when arriving at its award.

Further, appellant has failed to establish upon appeal that plaintiff had any duty to submit to surgery. While the general rule is that the injured party is under a "duty to take reasonable steps to effect a cure for his injuries and to mitigate damages," Young v. American Export Isbrandtsen Lines, Inc., 291 F. Supp. 447, 450 (SDNY 1968), and that, in the main, one must follow the expert recommendation of his physician, Murphy v. American Barge Line Co., 169 F. 2d 61 (3 Cir.), cert. denied, 335 U.S. 859, 69 S.Ct. 133, 93 L.Ed. 406 (1948), there is no evidence here that such a recommendation was made by any doctor to the plaintiff or that plaintiff's failure to undergo an operation was otherwise unreasonable. Thus we find no merit to appellant's contention that its belated exception to the charge requires a reversal of the judgment entered for plaintiff. See Rule 51, Fed.R.Civ.P.

Appellant's other contention, that the court prejudicially took away from the jury the question of plaintiff's contributory negligence despite the complete failure of any proof on the issue, was withdrawn by appellant at argument.

Appellant also seeks reversal of the judgment entered in favor of the third-party defendant. The findings of fact upon which that judgment was predicated are not "clearly erroneous." See Rule 52(a), Fed.R.Civ.P.

The judgments entered below are affirmed.

## On Petition for Rehearing

PER CURIAM:

After our opinion in this cause was handed down, the appellant, Royal Netherlands Steamship Company, timely filed a petition for rehearing in which for the first time it questioned the trial court's award of counsel fees to the third-party defendant Maude James, Inc. Although a notice of appeal from the order awarding reasonable expenses, costs, and attorneys' fees incurred in defending against the claim of the third-party plaintiff's claim for indemnity had been filed by appellant, appellant did not raise this issue on the presentation of its appeal. Possibly this failure was due to the fact that the lawsuit for this amount by way of counterclaim, as recited in the judgment, was "compromised in the amount of Three Thousand Dollars, ($3,000) by stipulation between attorneys dated February 26, 1970."

The petition for rehearing is denied. However, we express no opinion as to the appropriateness of such an award other than to refer to our decision in Calderone v. Naviera Vacuba S/A, 328 F.2d 578 (1964) with reference to attorneys' fees in shipowner-stevedore situations.