CHARLES BROWN et al., Doing Business as BROWN'S HOTEL AND COUNTRY CLUB, Respondents, *v.* UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellant.

Third Department, December 5, 1974.

98

*Scapolito & Solinger* (*Walter B. Solinger, II,* of counsel), for appellant.

*Gerald Orseck* for respondents.

REYNOLDS, J. In a previous action the plaintiffs secured a declaratory judgment that defendant had breached its duty to defend the plaintiffs in an action in negligence brought by a construction worker injured while working on a construction project at plaintiffs' hotel (*Brown* v. *United States Fid. and Guar. Ins. Co.,* 30 A D 2d 884). Subsequently, at an assessment of damages hearing, the plaintiffs were awarded $24,627.69 for the cost of defending the negligence action. Thereafter, defendant instituted a declaratory judgment action in Federal court naming the plaintiffs and their liability carrier, Empire Mutual Insurance Company, seeking a judgment declaring Empire to be a coinsurer with defendant and thereby forcing Empire to contribute to both the damages paid by defendant to the injured employee and the counsel fees paid to the plaintiffs. After a trial, the complaint in that action was dismissed. The plaintiffs then instituted the instant action to recover from defen-

dant the attorney's fees and costs incurred in defending the Federal court action. Special Term denied defendant's motion to dismiss this complaint and the instant appeal ensued.

It is well settled that expenses incurred by one claiming policy coverage in defending a declaratory judgment are recoverable from the insurer if coverage is found (*Johnson* v. *General Mut. Ins. Co.*, 24 N Y 2d 42; *Glens Falls Ins. Co.* v. *United States Fire Ins. Co.*, 41 A D 2d 869; see, also, *Grimsey* v. *Lawyers Tit. Ins. Corp.*, 31 N Y 2d 953) whereas expenses incurred in prosecuting claims in declaratory judgments to establish coverage are not (*Doyle* v. *Allstate Ins. Co.*, 1 N Y 2d 439). In our opinion the instant case falls under the rationale of *Johnson* rather than *Doyle*. As this court stated in *Glens Falls Ins. Co.* v. *United States Fire Ins. Co.* (*supra,* p. 870): " An insured is entitled to recover the expenses of defending a declaratory judgment *brought as a result* of an insurer's breach of its obligation to defend a tort action related to its disclaimer ". (Emphasis added.)

Here, defendant brought the Federal action and named the plaintiffs as defendants requiring them to defend their position since their future premiums would definitely be affected by any forced contributions from their carrier. Additionally, as Special Term found, the plaintiffs' presence in the Federal court action was directly attributable to defendant's breach of its duty to defend them in the tort action. In the Federal action the plaintiffs clearly were not acting in a prosecutorial capacity against defendant, rather, they were merely defending their interests. Thus, Special Term properly denied the motion to dismiss.

The order should be affirmed, with costs.

HERLIHY, P. J., SWEENEY, KANE and MAIN, JJ., concur.

Order affirmed, with costs.