ANN M. REKEMEYER et al., Appellants, v EMPIRE MUTUAL INSURANCE COMPANY, Respondent, et al., Defendant. (Action No. 1.)

EMPIRE MUTUAL INSURANCE COMPANY, Respondent, v ANN M. REKEMEYER et al., Appellants, et al., Defendants. (Action No. 2.)

Third Department, January 26, 1978

## APPEARANCES OF COUNSEL

*Donohue, Bohl, Clayton & Komar, P. C. (Myron Komar* of counsel), for appellants.

*Viger & Armstrong (Robert Armstrong* of counsel), for respondent.

## OPINION OF THE COURT

GREENBLOTT, J. P.

Defendant Andrus sued appellants for damages sustained in an automobile accident on September 6, 1966. Respondent insurance company refused to defend in the action. Both respondent and appellants brought declaratory judgment actions to determine their rights and obligations under an insurance contract. The actions were joined for trial and venue laid in Albany County. Supreme Court held that appellants were covered by the policy and allowed them reasonable attorneys' fees. The matter was set down for hearing to determine the amount to be recovered. After a hearing, Special Term awarded expenses incurred in defense of the original negligence action, but refused to allow appellants any reimbursement for the cost of establishing their rights under the insurance policy.

Appellants argue that, in addition to being entitled to attorneys' fees necessitated by respondent's refusal to defend the negligence action, they are entitled to expenditures to determine their rights under the policy. We cannot agree.

Prior to the decision in *Johnson v General Mut. Ins. Co.* (24 NY2d 42), the case at bar could have been decided with a minimum of discussion. It would have been clearly controlled by *Doyle v Allstate Ins. Co.* (1 NY2d 439) and *Sukup v State of New York* (19 NY2d 519), in which the rule was laid down that an insured was entitled to recover the expenses of providing a defense to an action which the insurer wrongfully refused to defend, but the insured could not recover the expenses of litigating the question of the insurer's responsibility to defend.

In *Johnson v General Mut. Ins. Co. (supra)*, the Motor Vehicle Accident Indemnity Corporation (MVAIC), as subrogee of the tort plaintiff, brought declaratory judgment actions against the insured driver and his insurance company to compel the insurer to defend in separate tort actions brought by MVAIC. The insured cross-claimed against the insurer. The Court of Appeals found in these facts a sufficient distinction from *Doyle v Allstate Ins. Co. (supra)* to enable it to hold that the insurer's breach of its duty to defend the tort action directly necessitated the insured's outlay of defense expenses in the declaratory judgment action. The court relied not only upon the fact that the insured was cast in a defensive role, but also upon the fact that it was a third party bringing the insured and insurer to court.

Two cases in this court followed the rule set down in *Johnson.* In *Glens Falls Ins. Co. v United States Fire Ins. Co.* (41 AD2d 869, affd 34 NY2d 778), the injured party sued the insured and the owner. The owner's insurance carrier disclaimed liability, forcing the insured's own insurance carrier to sue for a declaration of liabilities as between carriers. The insured was made a defendant in the latter action. The court declared the owner's carrier liable for the insured's defense and then awarded her costs for defending the declaratory judgment action.

In *Brown v United States Fid. & Guar. Co.* (46 AD2d 97), the insured already had a declaration that the insurer had breached its duty to defend. The insurer brought an action in Federal court against the insured and another insurance company to establish the latter's liability as a coinsurer. The insured sued in Supreme Court for costs of defending the Federal action. In granting costs, the court stated that the right to recover litigation expenses turned on whether the insured prosecuted the declaratory judgment action or defended it.

We perceive in these cases not only an insured cast in a defensive role, but also the presence of a third-party insurer in the context of a dispute between carriers over which insurer should assume the burden of defense. It is the latter feature that distinguishes *Johnson v General Mut. Ins. Co. (supra), Glens Falls Ins. Co. v United States Fire Ins. Co. (supra)* and *Brown v United States Fid. & Guar. Co. (supra)* from *Doyle v Allstate Ins. Co. (supra).*

In the instant case, as in *Doyle,* we have a battle between the insurer and the insured, seeking to determine their rights and duties under the insurance policy. The insured may not recoup the expenses of litigating the question of coverage in an action between the contracting parties. Whether the insured is plaintiff or defendant matters not.

This case illustrates the absurdity of a contrary holding. Both parties commenced declaratory judgment actions in separate counties. Are we to apportion costs attributable to the action in which the insured defended, even though the actions were consolidated? The difficulty is apparent. Further, to hold the insurer liable for costs only when prosecuting the declaratory judgment action would put a premium on being the last party to the courthouse. Insurance companies disclaiming liability would have no incentive to bring the action so long as

they could avoid paying the insured's costs merely by waiting for the insured to sue first. We should not penalize the insurance company that hastens the determination of its liability.

The judgment should be affirmed, without costs.

MAIN, MIKOLL and HERLIHY, JJ., concur; KANE, J., not taking part.

Judgment affirmed, without costs.