■ In the Matter of the Arbitration between COUNTRY-WIDE INSURANCE COMPANY, Appellant, and ROBERT BARRIOS, Respondent.—Judgment, Supreme Court, New York County, entered March 15, 1978, denying petitioner's application for a permanent stay of arbitration concerning an award of counsel fees sought pursuant to subdivision 1 of section 675 of the Insurance Law, unanimously reversed, on the law, and vacated, with $40 costs and disbursements of this appeal payable to appellant by respondent, and the petition for a permanent stay of arbitration is granted. Claimant Robert Barrios (respondent herein) was injured in an automobile accident and made

claim for $500 dental services pursuant to article 18 of the Insurance Law governing no-fault benefits. Petitioner Country-Wide Insurance Company challenged the claim and in the resulting arbitration proceeding, the arbitrator awarded claimant $475 for dental services and $1,050 for counsel fees. Upon petitioner's successful vacating of the arbitrator's award for counsel fees as unconscionable at Special Term, claimant appealed and this court reinstated the counsel fee award (54 AD2d 879, affd 43 NY2d 685). Claimant thereafter filed a demand for arbitration which seeks an award of further counsel fees, this time for services rendered in the prior appeals to this court and the Court of Appeals. Special Term denied the petitioner insurance company's application to permanently stay arbitration with respect to this latter demand and this appeal follows. The Court of Appeals awarded costs when it affirmed and pursuant to CPLR 7514 a judgment was entered on the remittitur, which judgment was fully paid and satisfied. Under these circumstances, there is no right to an additional counsel fee and there is no provision in the Insurance Law allowing counsel fees in the instant situation. Attorneys' fees are an incident of litigation when there is a contractual obligation or statutory authority providing for their recovery (see *City of Buffalo v Clement Co.,* 28 NY2d 241, 262-263; *Doyle v Allstate Ins. Co.,* 1 NY2d 439; see, also, Crane, Study of the Adequacy of Costs Allowable in Litigation, Sixteenth Annual Report of NY Judicial Conference, 1971, pp 246, 251, n 68-70). Concur—Kupferman, J. P., Lupiano, Fein and Sullivan, JJ.