49 N.Y.2d 93 (1979)
In the Matter of the Arbitration between Fresh Meadows Medical Associates, as Assignee of Janina Tokarz, Appellant, and Liberty Mutual Insurance Company, Respondent.
Court of Appeals of the State of New York.
Argued October 10, 1979.
Decided November 21, 1979.
Mardon R. Israel for appellant.
A. Paul Goldblum for respondent.
Chief Judge COOKE and Judges GABRIELLI, WACHTLER and FUCHSBERG concur with Judge JONES; Judge MEYER dissents in part and votes to modify in a separate opinion in which Judge JASEN concurs.
*96 JONES, J.
In determining the entitlement of a claimant to his attorney's reasonable fee incident to the resolution of his claim for first-party benefits in arbitration under section 675 of the Insurance Law, the arbitrator may take into account services rendered by the attorney in substantiating the claim for that fee.
Janina Tokarz was injured in an automobile accident that occurred on December 21, 1974. At the time she was a passenger in an automobile operated by Edward Adams who was insured under a liability policy issued by Liberty Mutual Insurance Company. Tokarz thereafter incurred a $70 bill for X-ray services rendered by Fresh Meadows Medical Associates. She assigned her claim for payment of this bill back to Fresh Meadows which presented the bill to the insurance carrier. When the carrier declined to make payment, Fresh Meadows submitted its claim to arbitration under section 675 of the Insurance Law and implementing regulations, demanding payment by the carrier of first-party benefits and associated attorney's fees.
At a hearing before the arbitrator on July 13, 1977 counsel for the claimant, Fresh Meadows, submitted a memorandum of law and facts seeking payment of the $70 X-ray bill and attorney's fees of $1,650. The arbitrator requested a responding memorandum from counsel for the insurance carrier and offered claimant's attorney an opportunity to submit a reply memorandum. It appears that the original memorandum of claimant's attorney was devoted both to substantiation of the claim for X-ray services and to support of the associated claim for attorney's fees. The carrier's submission contested both branches of the claim, addressing particular attention to the size of the claim for attorney's fees. Claimant's reply memorandum again related to the X-ray bill and contained a further justification for counsel fees and the reasonableness of the amount sought, now requesting a total allowance of $2,850, the additional $1,200 being for legal work "done in the reading of [the carrier's] Brief, researching the Law contained therein and in my Reply Memorandum of Law, dictation of my Reply Memorandum of Law, revisions and corrections *97 thereof". The time devoted by the attorney was reported as a total of 19 hours, and the value of all legal services was computed at the rate of $150 per hour. On September 12, 1977 the arbitrator made an award directing the insurance carrier to pay the $70 X-ray bill and the sum of $2,850 "as and for a reasonable attorney's fee".
The insurance carrier moved pursuant to CPLR 7511 to vacate that part of the arbitration award that directed payment of attorney's fees on the ground that "the Arbitrator exceeded his authority in making an improper award of counsel fees". Special Term denied the motion and confirmed the award in all respects. The Appellate Division reversed, reducing the award of counsel fee to $1,650, the carrier having abandoned its challenge to so much of the award in the light of our decision in Matter of Country-Wide Ins. Co. (Barrios) (43 N.Y.2d 685).
But a single issue is presented for our resolution  in awarding an attorney's fee incident to the determination of a claim for first-party benefits, did the arbitrator have authority to include services rendered by the attorney in substantiating the claim for counsel fees?[1] We hold that he did.
The relevant provision of section 675 as applicable to this case was found in subdivision 1: "the claimant shall also be entitled to recover his attorney's reasonable fee if a valid claim or portion thereof was overdue and such claim was not paid before the attorney was retained." The insurance carrier contends that the arbitrator had no authority under this section to direct payment of counsel fees for services rendered in justifying the claim for the attorney's fee, that to the extent this arbitrator directed payment for such services he exceeded his authority and that the disposition at the Appellate Division should be upheld.
In enacting section 675 the Legislature reversed the traditional principle in our jurisprudence that each litigant is expected to bear the cost of his own attorney's services (3 NY *98 Jur, Attorney and Client, § 83, pp 482-483). In granting the arbitrator authority under the new so-called No-Fault Auto Insurance Law to make an award to the claimant for "his attorney's reasonable fee" if the underlying claim for first-party benefits was valid in whole or in part and had not been paid before the attorney was retained, the precise extent of such authority was not otherwise delineated. It is not disputed that the arbitrator was given authority to award counsel fees for services rendered in proving entitlement to first-party benefits. There is no explicit address in the statute, however, by way either of inclusion or of exclusion to whether the authority extends to the category of services necessarily rendered by the attorney in substantiating his entitlement to an attorney's fee  an issue sometimes referred to by use of the phrase, "a fee on a fee". The statutory provision does not preclude allowance for such services. Nor did the regulations originally issued by the Superintendent of Insurance speak to this issue (see former 11 NYCRR 65.6 [g] [1]).[2]
The carrier asserts that the authority exercised by the arbitrator in this instance in granting the supplemental layer of allowance is so contrary to normal jurisprudential principle that it may not be implied in the absence of express statutory provision. Claimant rejoins that the grant of any authority to make the carrier pay the fees of the claimant's attorney represents an abrogation of the principle on which the carrier would rely, and argues persuasively that the intent of section 675 was, in cases in which an insurance carrier refused to pay a valid claim for first-party benefits and forced the claimant to retain an attorney to take his claim to arbitration, to indemnify the claimant against economic loss in exacting payment from the recalcitrant carrier. To achieve that objective the arbitrator must have authority to direct the carrier to pay all attorney's fees; to the extent that any portion thereof were *99 excluded, and thus left for payment by the client, the purpose of the statute would be frustrated.
We agree with claimant and hold that in exercising the authority conferred on him under section 675 to direct payment by insurance carriers of reasonable fees of claimant's attorneys, the arbitrator in making his determination may include services rendered by the attorney in substantiating the claim for counsel fees, including efforts expended in addressing any legal issues which may be involved as well as time spent in assembling and presenting factual data to support the claim.[3]
Accordingly, the order of the Appellate Division should be reversed, with costs, and the judgment of Supreme Court confirming the award, reinstated.[4]
MEYER, J. (dissenting).
My point of departure from the majority is in the concept that in using the words "his attorney's reasonable fee" in section 675 of the Insurance Law, as it existed prior to December 1, 1977, the Legislature left open the question whether the award of fees for the recovery of fees was permitted.
Well settled is the proposition that attorneys' fees are merely incidents of litigation and, therefore, not compensable, absent an express statutory or contractual provision therefor (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 N.Y.2d 516; City of Buffalo v Clement Co., 28 N.Y.2d 241; 1 Speiser, Attorneys' Fees, § 13:1). The necessary corollary of that rule is that neither a statutory nor a contractual provision for the payment of counsel fees includes counsel fees in the suit to collect those fees, absent specific language to that effect or an insured who has been made by his carrier to defend its affirmative action (Mighty Midgets v Centennial Ins. Co., 47 N.Y.2d 12; Grimsey v Lawyers Tit. Ins. Corp., 31 N.Y.2d 953; Doyle v Allstate Ins. Co., 1 N.Y.2d 439). As Mr. Justice ARON STEUER put it in relation to a contractual provision in Swiss Credit Bank v International Bank (23 Misc 2d 572, 573-574): *100 "A general agreement for the payment of counsel fees does not generally include counsel fees in the suit to collect those fees (Doyle v. Allstate Ins. Co., 1 N.Y.2d 439). Of course, it is possible to contract for such an allowance but, as it is an agreement contrary to what is usual, specific language would be needed to show such an agreement" (emphasis supplied). The Legislature must be presumed to have been aware of that rule (see 56 NY Jur 637, Statutes, § 176), and having failed to insert in the statute explicit language allowing collection of fees on fees, must be found to have intended not to allow such fees.
Since to the extent that he awarded fees on fees the arbitrator exceeded his power, his award was subject, as the Appellate Division held, to a motion to vacate pursuant to CPLR 7511 (subd [b], par 1, cl [iii]). Nor, especially since we deal here with compulsory rather than voluntary arbitration (see Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 N.Y.2d 493), is appellant's contention that what is involved is not a usurpation of power but a mere error of law sustainable.
Though the arbitration award was, therefore, properly vacatable, it was error for the Appellate Division simply to reduce the judgment entered on the award by $1,200. It is the arbitrator to whom is entrusted the task of fixing the attorney's fee allowable for the issues initially arbitrable (Matter of Country-Wide Ins. Co. [Barrios], 43 N.Y.2d 685, 686). Since there was nothing in the record before Special Term to warrant the conclusion that the entire $1,200 additional awarded by the arbitrator related solely to fees on fees, we are not foreclosed by the affirmance of its finding of fact that that sum was for a memorandum "to justify his [the attorney's] demand for said attorney's fee". The disposition of the matter that the Appellate Division should have made, therefore, was to order a rehearing before the arbitrator pursuant to CPLR 7511 (subd [d]) (Matter of Weiss [Metalsalts Corp.], 15 AD2d 46, affd 11 N.Y.2d 1042).
For the foregoing reasons, the Appellate Division's order should be modified by striking the provision for reduction of the award and inserting in its place a provision vacating the award and remanding the matter to the arbitrator for a further hearing, and, as so modified, affirmed.
Order reversed, with costs, and the judgment of Supreme Court, Queens County, reinstated.
NOTES
[1] Reference is made by both the insurance carrier and the claimant to the standard for judicial review of an award in compulsory arbitration as contrasted with the standard in voluntary arbitration (Mount St. Mary's Hosp. of Niagara Falls v Catherwood, 26 N.Y.2d 493). In our analysis this difference is of no significance in this case. The issue is the authority of the arbitrator to make an award for services rendered in substantiating the claim for the attorney's fee. No contention is made by the insurance carrier that if the arbitrator had such authority there would be any ground for judicial disturbance of the award made by him.
[2] When in Matter of Country-Wide Ins. Co. (Barrios) (43 N.Y.2d 685, supra) our court indicated the breadth of the authority conferred on the arbitrator in determining the amount of the attorney's fee, the Legislature amended subdivision 1 of section 675 to provide that the right of the claimant to recover his attorney's reasonable fee would be "subject to limitations promulgated by the superintendent in regulations". (L 1977, ch 892, § 13, eff Dec. 1, 1977.) The regulations thereafter issued by the superintendent pursuant to this amendment, while imposing limitations as to the amounts to be awarded for legal services, contain no prescription pertinent to the issue before us and certainly no proscription (11 NYCRR 65.16 [c] [7], 65.17 [k]). In any event neither the statutory amendment nor the regulations issued thereunder are applicable to the present case.
[3] In view of this conclusion there is no necessity to consider whether some part of the additional services, on which the incremental allowance of $1,200 was predicated, was in fact related to the claim for payment of the X-ray bill.
[4] In announcing our decision we note, as indicated (supra, n 2), that pursuant to legislative authority the Superintendent of Insurance has now issued regulations limiting the amount of fees which may be awarded by an arbitrator in a section 675 arbitration. To the extent that there may previously have been anxiety in some quarters that arbitrators were being accorded unbridled authority to fix unreasonably high legal fees, this anxiety should now be allayed.