Meyer, J.
(dissenting). My point of departure from the majority is in the concept that in using the words “his attorney’s reasonable fee” in section 675 of the Insurance Law, as it existed prior to December 1, 1977, the Legislature left open the question whether the award of fees for the recovery of fees was permitted.
Well settled is the proposition that attorneys’ fees are merely incidents of litigation and, therefore, not compensable, absent an express statutory or contractual provision therefor (Equitable Lbr. Corp. v IPA Land Dev. Corp., 38 NY2d 516; City of Buffalo v Clement Co., 28 NY2d 241; 1 Speiser, Attorneys’ Fees, § 13:1). The necessary corollary of that rule is that neither a statutory nor a contractual provision for the pay^ ment of counsel fees includes counsel fees in the suit to collect those fees, absent specific language to that effect or an insured who has been made by his carrier to defend its affirmative action (Mighty Midgets v Centennial Ins. Co., 47 NY2d 12; Grimsey v Lawyers Tit. Ins. Corp., 31 NY2d 953; Doyle v Allstate Ins. Co., 1 NY2d 439). As Mr. Justice Aron Steuer put it in relation to a contractual provision in Swiss Credit *100 Bank v International Bank (23 Misc 2d 572, 573-574): "A general agreement for the payment of counsel fees does not generally include counsel fees in the suit to collect those fees (Doyle v. Allstate Ins. Co., 1 NY2d 439). Of course, it is possible to contract for such an allowance but, as it is an agreement contrary to what is usual, speciñc language would be needed to show such an agreement” (emphasis supplied). The Legislature must be presumed to have been aware of that rule (see 56 NY Jur 637, Statutes, § 176), and having failed to insert in the statute explicit language allowing collection of fees on fees, must be found to have intended not to allow such fees.
Since to the extent that he awarded fees on fees the arbitrator exceeded his power, his award was subject, as the Appellate Division held, to a motion to vacate pursuant to CPLR 7511 (subd [b], par 1, cl [iii]). Nor, especially since we deal here with compulsory rather than voluntary arbitration (see Mount St. Mary’s Hosp. of Niagara Falls v Catherwood, 26 NY2d 493), is appellant’s contention that what is involved is not a usurpation of power but a mere error of law sustainable.
Though the arbitration award was, therefore, properly vacatable, it was error for the Appellate Division simply to reduce the judgment entered on the award by $1,200. It is the arbitrator to whom is entrusted the task of fixing the attorney’s fee allowable for the issues initially arbitrable (Matter of Country-Wide Ins. Co. [Barrios], 43 NY2d 685, 686). Since there was nothing in the record before Special Term to warrant the conclusion that the entire $1,200 additional awarded by the arbitrator related solely to fees on fees, we are not foreclosed by the affirmance of its finding of fact that that sum was for a memorandum "to justify his [the attorney’s] demand for said attorney’s fee”. The disposition of the matter that the Appellate Division should have made, therefore, was to order a rehearing before the arbitrator pursuant to CPLR 7511 (subd [d]) (Matter of Weiss [Metalsalts Corp.], 15 AD2d 46, affd 11 NY2d 1042).
For the foregoing reasons, the Appellate Division’s order should be modified by striking the provision for reduction of the award and inserting in its place a provision vacating the award and remanding the matter to the arbitrator for a further hearing, and, as so modified, affirmed.
Chief Judge Cooke and Judges Gabrielli, Wachtler and *101 Fuchsberg concur with Judge Jones; Judge Meyer dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Order reversed, with costs, and the judgment of Supreme Court, Queens County, reinstated.