THIRD DIVISION
 November 27, 1996 
 


 
 

No. 1-95-2064

B.H. SMITH, INC., an Illinois ) Appeal from the 
Corporation, ) Circuit Court of
 Plaintiff-Appellee, ) Cook County.
 )
 v. )
 ) 
ZURICH INSURANCE COMPANY, )
A Foreign Stock Insurance Company, ) Honorable
 ) Kenneth L. Gillis,
 Defendant-Appellant. ) Judge Presiding.
 

 
 JUSTICE GALLAGHER delivered the opinion of the court:
 This appeal arises out of an insurance coverage dispute
between plaintiff, B.H. Smith, Inc. (Smith) and defendant, Zurich
Insurance Company (Zurich). Zurich appeals from trial court
orders granting summary judgment in favor of Smith, denying
Zurich's motion for summary judgment and entering judgment
against Zurich in the amount of $384,190.84. On appeal, Zurich
contends that the trial court erred in finding that an underlying
complaint alleging trademark infringement and unfair competition
triggered Zurich's duty to defend and indemnify Smith under its
advertising injury coverage. We affirm.
 Smith imports women's handbags and accessories and sells
such items to retailers. Smith is insured under a commercial 
general liability policy issued by Zurich. The relevant portions
of the insurance policy provide:
 1. Insuring Agreement
 a. We will pay those sums that the insured becomes
 legally obligated to pay as damages because of
 "personal injury" or "advertising injury" to which the
 insurance applies . . . We will have the right and duty
 to defend any "suit" seeking those damages.

The policy defines "advertising injury" as:
 1. Injury arising out of one or more of the following
 offenses:

 a. Oral or written publication of material that 
 slanders or libels a person or organization or
 disparages a person's or organization's goods, products
 or services.

 b. Oral or written publication of material that 
 violates a person's right of privacy.

 c. Misappropriation of advertising ideas or style of
 doing business.

 d. Infringement of copyright, title or slogan.

The policy provides further:

 b. This insurance applies to:

 * * *

 (2) "Advertising injury" caused by an offense 
 committed in the course of advertising your goods,
 products or services; but only if the offense was
 committed in the "coverage territory" during the 
 policy period.

 In March 1992, Liz Claiborne, Inc. (Claiborne) filed an
action against Smith in the United States District Court for the
Southern District of New York alleging that Smith was selling
counterfeit Claiborne products (the Claiborne action). 
Claiborne's complaint asserted two causes of action: (1) federal
trademark infringement under section 43(a) of the Lanham Act; and
(2) unfair competition under New York common law. When Smith
informed Zurich of the Claiborne action, Zurich disclaimed
coverage.
 Smith eventually paid Claiborne $50,000 to settle the
action. The Claiborne action was dismissed pursuant to a
stipulation and order of dismissal on February 24, 1993. Smith
instituted this declaratory judgment action in the circuit court
of Cook County. The parties filed cross-motions for summary
judgment and the trial court ruled in favor of Smith entering
judgment against Zurich in the amount of $384,190.84; $50,000 for
the cost of settlement and $334,190.84 for legal defense costs. 
It is from this judgment that Zurich now appeals.
 Choice of law is not an issue before us on appeal. The
parties agree that New York law governs this dispute. Therefore,
we apply New York law to resolve this appeal. Under New York
law, an insurer s duty to defend is triggered by the filing of a
complaint containing allegations that could bring the action
within the scope of coverage provided by the insurance policy. 
Seaboard Surety Co. v. Gillette Co., 64 N.Y.2d 304, 310, 476
N.E.2d 272, 275, 486 N.Y.S.2d 873, 876 (1984). To determine
whether an insurer has a duty to defend, the allegations of the
underlying complaint must be compared to the language of the
insurance policy. The court must examine the entire policy to
determine its purpose and the intent of the parties. A. Meyers &
Sons Corp. v. Zurich American Insurance Group, 74 N.Y.2d 298,
302-03, 545 N.E.2d 1206, 1208, 546 N.Y.S.2d 818, 820 (1989). 
 Zurich first contends that its duty to defend Smith was not
triggered by the Claiborne complaint because Claiborne did not
allege an "advertising injury" as defined by Zurich's insurance
policy. The policy in this case states that it covers
advertising injuries caused by an offense (as defined in the
policy) committed in the course of advertising the insured's
goods, products or services. Therefore, Zurich's duty to defend
in this case is triggered only if the Claiborne action alleges an
injury that (1) constitutes one of the enumerated offenses and
(2) occurred in the course of Smith advertising its goods. We
find that under New York law, Zurich's duty to defend was
triggered in this case because the Claiborne complaint alleged an
injury constituting an enumerated offense which occurred in the
course of Smith's advertising activities.
 The Claiborne complaint alleges trademark infringement and
unfair competition based on trademark infringement. The Zurich 
policy does not specifically name trademark infringement as an
offense covered by the policy. Nevertheless, we agree with
Smith's contention that trademark infringement is covered under
the offense of "misappropriation of style of doing business" and
is therefore an enumerated offense under the policy. Smith
copied Claiborne's style of doing business because it sold
handbags that were strikingly similar to Claiborne's. Federal
courts applying New York law have likewise concluded that the
misuse of another's trademark constitutes misappropriation of
style of doing business. See J.A. Brundage Plumbing & Roto-
Rooter, Inc. v. Massachusetts Bay Insurance Co., 818 F. Supp.
553, 557 (W.D.N.Y. 1993); vacated because of settlement 153
F.R.D. 36 (W.D.N.Y. 1994); Ben Berger & Son, Inc. v. American
Motorist Insurance Co., 36 U.S.P.Q.2d 1105 (S.D.N.Y. 1995).
 Based on the most recent pronouncement of New York law, we
also find that the Claiborne complaint alleged an injury that
occurred in the course of Smith advertising its goods. In
Massachusetts Bay Insurance Co. v. Penny Preville, Inc., No. 95
Civ. 4845 (S.D.N.Y., July 10, 1996), the district court, applying
its view of New York law, broadly defined the scope of
advertising activities sufficient to trigger an insurer's duty to
defend under an advertising injury insurance policy. In that
factually similar case, the plaintiff in the underlying lawsuit
alleged trade dress and copyright infringement based on
defendant's actions in selling imitations of plaintiff's line of
jewelry. Interpreting policy language similar to that in the
Zurich policy, the court concluded the course of advertising
requirement was satisfied. The court held that where a complaint
alleges that the advertisement of a knock-off product results in
harm from the sale of such product "it would be artificial to
deny coverage by constructing a distinction between the injuries
arising from the manufacture and sale of infringing goods and
injuries arising from the marketing of these same goods by means
of display or advertisement of the goods." Penny Preville, slip
op. at 7. 
 In the case at bar, the Claiborne complaint states:
 "Attached hereto as Exhibit F are photographs
 of representative products from plaintiff's
 CANYON ROAD line of bags. Attached hereto as
 Exhibit G is a line sheet distributed by
 defendant which reflects direct knock-offs of
 several of plaintiff's CANYON ROAD products. 
 Upon information and belief, defendant's
 products depicted in Exhibit G have already
 been sold to retail store customers,
 including customers of plaintiff, but have
 not yet been shipped to the stores."

The line sheet referenced as Exhibit G depicts defendant's
imitation products and lists the price of the products. 
Furthermore, the Claiborne complaint alleges sales based on the
use of the line sheet which resulted in harm to plaintiff. Thus,
under Penny Preville we conclude that the Claiborne complaint
alleges an offense committed during the course of advertising. 
Our conclusion is based strictly on New York law. The question
of whether coverage for what is tantamount to misappropriation of
commercial property is against public policy is not the issue
presented. Whether Illinois public policy would dictate a
different result in this case is therefore not before this court. 
 New York law broadly interprets "advertising injury" to
include the marketing, however incidental, and sale of knock-off
goods. The line sheet attached to Claiborne's complaint as
Exhibit G, advertises Smith's goods for sale, though not very
clearly or blatantly. Given the nature of Smith's business, that
is probably to be expected. Accordingly, based on the facts of
this case and the application of New York law, the bare
allegation of marketing of handbags contained in the Claiborne
complaint and the attachment of a line sheet are sufficient to
trigger coverage.
 Finally, Zurich argues that it had no duty to defend Smith
because its policy only obligates Zurich to defend suits seeking
money damages and the Claiborne action seeks only injunctive
relief. We disagree. Although each of Claiborne's two causes of
action states that Claiborne "has no adequate remedy at law," the
complaint also prays for "such other and further relief as [the]
Court may deem just and proper." Furthermore, the complaint
states a cause of action under section 43(a) of the Lanham Act
for which compensatory damages are available. See Gillette Co.
v. Wilkinson Sword, Inc., 795 F. Supp. 662 (S.D.N.Y. 1992). If
Claiborne succeeded in proving it was entitled to equitable
relief, the court still could have awarded Claiborne money
damages. As explained by the New York Court of Appeals:
 If, [a plaintiff] succeeds in proving that he is
 entitled to equitable relief, equity may grant
 damages in addition to or as an incident of some
 other special equitable relief or, where the
 granting of equitable relief appears to be
 impossible or impracticable, equity may award
 damages in lieu of the desired equitable remedy.
 Doyle v. Allstate Insurance Co., 1 N.Y.2d 439,
 443, 136 N.E.2d 484, 486, 154 N.Y.S.2d 10, 13
 (1956).

Thus, Zurich's argument that Claiborne's prayer for equitable
relief precluded Zurich from having to defend Smith in the
Claiborne action is misguided.
 For the reasons set forth above, the order of the trial
court granting summary judgment in favor of Smith and against
Zurich is affirmed and the order entering judgment against Zurich
for $384,190.84 is affirmed.
 Affirmed.
 TULLY, P.J., and GREIMAN, J., concur.