**UTOPIA STUDIOS, LTD., Plaintiff,**

v.

**EARTH TECH, INC., Defendants.**

**No. 08–CV–3515 (ADS)(ARL).**

United States District Court,
E.D. New York.

April 20, 2009.

---

Christopher Thompson & Associates, P.C. by Christopher H. Thompson, Of Counsel, Melville, NY, for Plaintiff.

Charles R. Pierce, Jr., P.C. by Charles R. Pierce, Of Counsel, Huntington, NY, for Defendant.

### MEMORANDUM OF DECISION AND ORDER

SPATT, District Judge.

Presently before the Court is a motion to remand by Utopia Studios, Ltd. ("Utopia") and a cross-motion to compel arbitration by Earth Tech, Inc. ("Earth Tech").

### I. BACKGROUND

Earth Tech, a California corporation with offices worldwide, provides technical and management support services for various infrastructure projects. Utopia, a New York corporation, retained Earth Tech to provide engineering and consulting services in connection with the development of a property in Connecticut. The parties' relationship was governed by a Master Services Consulting Agreement ("MSA") that included, among other terms, a broad arbitration provision. The MSA provided that the terms for Earth Tech's

services would be negotiated between the parties through various Task Orders. Each Task Order incorporated by reference the terms of the MSA.

Eventually, a dispute arose between the parties concerning work performed by Earth Tech. After several attempts to resolve the dispute proved unsuccessful, Earth Tech served Utopia with a demand for arbitration claiming that it was owed the sum of $1,788,127 for services rendered. Pursuant to the arbitration provision in the MSA, the American Arbitration Association scheduled an arbitration hearing in California for April 11, 2008.

On August 6, 2008, Utopia sought, by order to show cause, a stay of the arbitration in New York State Supreme Court, Kings County. The Court granted the stay pending a September 9, 2008 hearing on the order to show cause. However, on August 27, 2008, Earth Tech removed the action to this Court. Utopia argues that the case should be remanded to the state court because the Court lacks diversity jurisdiction. 28 U.S.C. 1332. Earth Tech opposes Utopia's motion for a remand and has cross-moved for an order compelling Utopia to submit the dispute to arbitration pursuant to the MSA and Task Orders.

## II. DISCUSSION

### A. Utopia's Motion to Remand

■ A federal court has the authority to compel arbitration under the Federal Arbitration Act ("FAA"), 9 U.S.C. 4, provided that the court has jurisdiction over the underlying controversy. *Barbier v. Shearson Lehman Hutton Inc.*, 948 F.2d 117, 120 (2d Cir.1991). Here, Utopia contends that the Court has no authority to compel arbitration and that the matter must be remanded to the state court because subject matter jurisdiction is lacking. In particular, Utopia contends that the parties are not diverse and the amount in controversy is less than the $75,000

required by 28 U.S.C. 1332. When a plaintiff moves for a remand based on a lack of subject matter jurisdiction, the burden is on the defendant to demonstrate the propriety of removal. *Grimo v. Blue Cross/Blue Shield*, 34 F.3d 148, 151 (2d Cir.1994).

### 1. Whether the Parties are Diverse

■ It is well-settled that, for diversity jurisdiction purposes, a corporation is a citizen of the state where it is incorporated and of the state where it has its principal place of business. *See Wachovia Bank v. Schmidt*, 546 U.S. 303, 306, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006) (citing 28 U.S.C. 1332(c)(1)). It is undisputed that Utopia is a citizen of New York. Although Earth Tech is incorporated in California, Utopia contends diversity jurisdiction is lacking because Earth Tech's principal place of business is also in New York. Where, as here, a corporation's activities are "decentralized and spread across numerous states, courts apply what is known as the 'nerve center' test," to determine a corporation's citizenship. *Weave Masters, Inc. v. Cambridge Fashion, Inc.*, 2009 WL 510834, at * 1 (S.D.N.Y. Feb.26, 2009) (citing *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979)). Under the "nerve center" test, courts focus on those factors that identify the place where the corporation's policies originate. *R.G. Barry Corp.*, 612 F.2d at 655.

■ Utopia appears to contend that Earth Tech's principal place of business must be in New York because all of Utopia's business dealings with Earth Tech have taken place in New York. However, the fact that the parties' business dealings were all conducted in New York does not go to the salient question of where the company's policies originate. Earth Tech has been headquartered in Southern Cali-

fornia since its formation in 1970. Earth Tech's Long Beach, California headquarters houses hundreds of employees as well as the Chief Executive Officer, the Chief Financial Officer, the General Counsel and the company's marketing, corporate, and human resources departments. Under the circumstances, there can be no question that Earth Tech's corporate policies are promulgated in California. Accordingly, Earth Tech has met its burden to show that the parties are diverse.

### 2. Whether the Amount in Controversy Exceeds $75,000

■ A party invoking the diversity jurisdiction of the federal courts must show that there is a reasonable probability that the amount in controversy exceeds $75,000. *Tongkook Am., Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir.1994) (citing *Moore v. Betit*, 511 F.2d 1004, 1006 (2d Cir.1975)). Utopia contends that there is no monetary amount in controversy because it sought only a stay of arbitration in the state court action. Earth Tech counters that the Court may look to the amount it is seeking in the underlying arbitration to assess whether the amount in controversy requirement is met. The Court agrees.

■ The Second Circuit has held that in determining whether the jurisdictional amount in controversy is satisfied a court may look to the amount a party might obtain in the arbitration that it seeks to compel. *Marcy Lee Mfg. Co. v. Cortley Fabrics Co.*, 354 F.2d 42 (2d Cir.1965). Here, in the putative arbitration proceeding, Earth Tech is seeking $1,788,127 from Utopia for services rendered. Thus, there is a reasonable probability that the amount in controversy exceeds $75,000. Accordingly, because Earth Tech has met its burden to establish that the Court has subject matter jurisdiction over this action, Utopia's remand motion is denied.

### B. Earth Tech's Cross–Motion to Compel Arbitration

The FAA provides, in pertinent part, that "[a] party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. 4. It is well-established that the FAA creates a strong federal policy in favor of arbitration. *See Arciniaga v. General Motors Corp.*, 460 F.3d 231, 234 (2d Cir.2006) (noting that "it is difficult to overstate the strong federal policy in favor of arbitration, and it is a policy [the Second Circuit has] often and emphatically applied."). However, arbitration is a "matter of contract [and] ... a party cannot be required to submit to arbitration any dispute which he has not agreed to so submit." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 2009 WL 941173, at *2 (2d Cir.2009) (quoting *PaineWebber, Inc. v. Bybyk*, 81 F.3d 1193, 1198 (2d Cir. 1996)).

Here, Utopia claims that it is not bound by the MSA—and therefore not bound by the arbitration provision contained therein—because the MSA was never signed by a Utopia representative. Earth Tech counters with an affidavit from David Schltaka, a Project Manager at Earth Tech, who avers that he witnessed Utopia Chief Financial Officer Joseph Gentile sign the MSA at a wine tasting on September 22, 2005. Fortunately, the Court need not resolve this purely factual dispute because there is an independent reason why the parties should be compelled to submit this matter to arbitration.

■ The Second Circuit has held that a nonsignatory to a particular agreement can be bound by an arbitration clause in that agreement where the nonsignatory

enters into a separate contract that incorporates the arbitration provision. *See Thomson–CSF, S.A. v. Am. Arbitration Ass'n,* 64 F.3d 773, 776–77 (2d Cir.1995) (citing *Import Export Steel Corp. v. Mississippi Valley Barge Line Co.,* 351 F.2d 503, 505–506 (2d Cir.1965)). Here, pursuant to the terms of the MSA, the parties negotiated and entered into various Task Orders that set forth the price and nature of the services Earth Tech was to perform. Each Task Order provided that "except as otherwise specified herein, the terms and conditions of the [MSA] are incorporated in this Task Order by reference."

Utopia does not and cannot dispute that these Task Orders were signed by an authorized Utopia representative. In light of the fact that the Task Orders unequivocally incorporated the MSA by reference, the Court finds that Utopia is bound by the MSA and the clear and unambiguous arbitration provision contained therein. Accordingly, Earth Tech's cross-motion to compel arbitration is granted.

### III.   CONCLUSION

Based on the foregoing, it is hereby

**ORDERED,** that Utopia's motion to remand this case to New York State Supreme Court, Kings County is **DENIED,** and it is further

**ORDERED,** that Earth Tech's cross-motion to compel arbitration is **GRANTED.**

**SO ORDERED.**